**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 29, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-50410
Summary Calendar

———————————

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

                    versus

TERRY EARL STEWART,

                              Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-02-CR-25-1
- - - - - - - - - -

Before BARKSDALE, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:*

     Terry Earl Stewart appeals his convictions, following a jury trial, of conspiracy to possess with intent to distribute 50 or more grams of cocaine base, possession of cocaine base with intent to distribute, and distribution of cocaine base, in violation of 21 U.S.C. §§ 841(a) and 846.  The court sentenced Stewart to life imprisonment as to the conspiracy count and 30-year prison terms as to the possession and distribution counts, with the terms to run concurrently.

_____

     *  Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Stewart contends that the trial evidence was insufficient to support any of his convictions.  The standard for reviewing a claim of insufficient evidence is whether "a rational trier of fact could have found that the evidence establishes the essential elements of the offense beyond a reasonable doubt."  United States v. Villarreal, 324 F.3d 319, 322 (5th Cir. 2003) (citing Jackson v. Virginia, 443 U.S. 307, 319 (1979)).  Review of the sufficiency of the evidence does not include review of the weight of the evidence or of the credibility of the witnesses.  United States v. Garcia, 995 F.2d 556, 561 (5th Cir. 1993).

Stewart contends that the evidence was insufficient to support his conspiracy conviction because the Government relied on a "rogue's gallery" of witnesses who were facing drug-trafficking charges or who had already been imprisoned for drug-trafficking convictions.  The testimony of various Government witnesses was sufficient to support the conspiracy conviction because the testimony established the existence of an agreement between two or more persons to violate narcotics laws, Stewart's knowledge of such agreement, and his voluntary participation in it.  See United States v. Peters, 283 F.3d 300, 307 (5th Cir.), cert. denied, 536 U.S. 934 (2002); United States v. Westbrook, 119 F.3d 1176, 1190 (5th Cir. 1997) ("uncorroborated testimony of a co-conspirator" is sufficient as long is "not factually insubstantial or incredible").

Stewart contends that the evidence was insufficient to support his conviction of possession of cocaine base with intent to distribute on September 21, 2001, because no drugs were found on his person or in his vehicle.  The evidence was sufficient to

establish to support this conviction because it showed that Stewart and his girlfriend Latoya (or "Toyah") Golden were stopped on the street in a drug-trafficking area of Midland, Texas, that cocaine base was found on Golden's person during this detention, and that Stewart and Golden regularly sold cocaine base together in the area. See United States v. Fierro, 38 F.3d 761, 768 (5th Cir. 1994) (defining aiding and abetting).

Stewart argues that the evidence was insufficient to support his distribution conviction, relating to a drug transaction on October 10, 2001. The evidence overwhelmingly established that Midland police officers sent a confidential informant ("CI") to perform a controlled purchase of cocaine base from Stewart and that the CI bought from Stewart 16 "crack" cocaine rocks weighing 2.84 grams. See United States v. Sotelo, 97 F.3d 782, 789 (5th Cir. 1996).

Finally, Stewart argues that the district court abused its discretion in admitting into evidence an audiotape and transcript thereof from the October 10, 2001, controlled purchase. The "poor quality and partial unintelligibility" of the tape did not render the tape inadmissible, United States v. Booker, 334 F.3d 406, 412 (5th Cir. 2003) (citation omitted), and the court gave the jury cautionary instructions regarding the poor quality of the tape. See United States v. Stone, 960 F.2d 426, 436 (5th Cir. 1992). The court did not abuse its discretion in admitting the tape. See United States v. White, 219 F.3d 442, 448 (5th Cir. 2000).

Stewart's convictions are AFFIRMED.