# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 27, 2021

Lyle W. Cayce
Clerk

No. 20-50965
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Terry Earl Stewart,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:02-CR-25-1

Before Davis, Jones, and Elrod, *Circuit Judges*.

Per Curiam:*

Terry Earl Stewart, federal prisoner # 46272-080, was convicted of conspiring to possess with the intent to distribute more than 50 grams of cocaine base, aiding and abetting possession with the intent to distribute cocaine base, and aiding and abetting distribution of cocaine base.

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-50965

*See* 18 U.S.C. § 2; 21 U.S.C. §§ 841(b)(1)(A), (b)(1)(C), and 846. His sentence was subject to enhancement under § 841 based on his two prior felony drug convictions. The district court sentenced Stewart to life imprisonment for the conspiracy offense and to 30-year prison terms of imprisonment each for the possession and distribution offenses, to run concurrently. It imposed ten years of supervised release for the conspiracy offense and six years of supervised release each for the possession and distribution offenses, also to run concurrently. This court affirmed the judgment. *United States v. Stewart*, 86 F. App'x 703, 705 (5th Cir. 2004). Stewart's total sentence of imprisonment later was commuted to 327 months through an executive grant of clemency.

In 2020, Stewart filed a motion to reduce sentence under § 404 of the First Step Act of 2018 (First Step Act), Pub. L. No. 115-391, § 404, 132 Stat. 5194, 5221. He asked the district court to reduce his total sentence of imprisonment to 262 months and the supervised release term for his conspiracy offense from ten years to eight years. Stewart now appeals the district court's order denying his motion. He argues that the district did not adequately explain the reasons for its decision.

In its order, the district court noted that the parties' filings were before it and stated "[a]fter considering the applicable factors provided in § 404 and 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission," Stewart's motion is denied "on its merits." The district court's brief statement and reference to its consideration of "the applicable policy statements" leave the grounds for its decision unclear. Moreover, because the district court did not mention Stewart's request for a reduction of his supervised release term, it is unclear whether the district court considered and implicitly rejected the request, or merely overlooked it. Although district courts need not always explain why they have denied a motion, meaningful review is possible here only with a statement of reasons

for the denial. *See United States v. Batiste,* 980 F.3d 466, 479 (5th Cir. 2020). We thus REMAND Stewart's case to the district court for the limited purpose of allowing the district court to enter reasons for denying Stewart's motion. We retain jurisdiction, as is customary for limited remands. *See, e.g., United States v. Gomez,* 905 F.3d 347, 354-56 (5th Cir. 2018).