# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-10690

United States Court of Appeals
Fifth Circuit

**FILED**

September 26, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff – Appellee,

v.

GILBERTO GOMEZ,

Defendant – Appellant.

Appeal from the United States District Court
for the Northern District of Texas

Before DAVIS, JONES, and ENGELHARDT, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Gilberto Gomez appeals his 652-month sentence imposed after his conviction by a jury of drug-trafficking and firearms offenses in violation of 21 U.S.C. §§ 841 & 846 and 18 U.S.C. §§ 924(c) & 2. On appeal, Gomez contends that the district court improperly enhanced his sentence by applying a two-level adjustment pursuant to U.S.S.G. § 3B1.1(c), which he claims is inapplicable here because he was not an "organizer, leader, manager, or supervisor" in the underlying criminal activities. He further alleges that the district court failed to adequately explain his sentencing or consider the 18 U.S.C. § 3553(a) sentencing factors. Gomez also argues that the district court erroneously believed that it could not consider the mandatory-minimum

## No. 17-10690

sentences it was required to impose in arriving at a sentence on the remaining counts and thereby fashioned an unreasonable aggregate sentence.

As explained more fully below, we REMAND the case for the limited purpose of determining whether the district court wishes to resentence the defendant in light of the Supreme Court's opinion in *Dean v. United States*.[1]

## I.

After an undercover investigation, Dallas Police Department officers executed a search warrant at Gilberto Gomez's home. The officers found various items of contrabands, including several kinds of illegal drugs, firearms, a large amount of cash, and items associated with drug distribution. Gomez and a codefendant, Felix Cantu, were then arrested at the scene. The Government charged Gomez and Cantu with conspiracy to possess with intent to distribute 500 grams or more of methamphetamine (Count 1); possession with intent to distribute 500 grams or more of methamphetamine (Count 2); possession of a firearm in furtherance of a drug-trafficking crime (Count 3); and possession with intent to distribute cocaine (Count 4). Additionally, the Government charged Gomez separately with another count of possession of a firearm in furtherance of a drug-trafficking crime (Count 5) and possession with intent to distribute marijuana (Count 7). The jury found Gomez guilty on all counts.[2]

Following the United States Sentencing Guidelines,[3] the presentence report ("PSR") grouped the drug counts and assessed a base offense level of 34.

---

[1] 137 S. Ct. 1170 (2017).

[2] Cantu, individually, pleaded guilty to conspiracy to possess with intent to distribute methamphetamine and possession of a firearm in furtherance of a drug trafficking crime, and cooperated with the Government in Gomez's prosecution. The district court sentenced Cantu to 117 months of imprisonment.

[3] Gomez was sentenced under the 2016 version of the Guidelines.

No. 17-10690

Gomez also received a two-level enhancement under U.S.S.G. § 2D1.1(b)(12) for maintaining a drug premises, and another two-level enhancement for being a leader or organizer of the offense under U.S.S.G. § 3B1.1(c). In total, the Sentencing Guidelines calculation yielded an offense level of 38 and criminal history category of III.[4]

Based on this information, the PSR concluded that Gomez's Guidelines range for the drug counts was from 292 to 365 months of imprisonment, noting that the methamphetamine charges (Counts 1 and 2) carried a statutory minimum of 10 years under 21 U.S.C. §§ 846, 841(a)(1) & (b)(1)(A)(viii). On the firearms counts, the first offense (Count 3) carried a statutory minimum sentence of five years under 18 U.S.C. § 924(c)(1)(A)(i), while the second offense (Count 5) carried a statutory minimum of 25 years under 18 U.S.C. § 924(c)(1)(C)(i). In total, Gomez faced a mandatory-minimum sentence of 40 years. The mandatory-minimum sentences were required under § 924(c) to run consecutively to each other and any other sentence.

Gomez filed several objections to the PSR, including an objection to the enhancement for being a leader or organizer. And as to the firearms counts, he argued that imposing multiple consecutive sentences would violate his due

---

[4] Gomez's offenses have the following statutory provisions related to terms of imprisonment:

- Count 1: Mandatory minimum of 10 years and a maximum of life imprisonment;
- Count 2: Mandatory minimum of 10 years and a maximum of life imprisonment;
- Count 3: Mandatory minimum of 5 years, to be served consecutively to any other sentence;
- Count 4: Not more than 20 years;
- Count 5: Mandatory minimum of 25 years, to be served consecutively to any other sentence; and
- Count 7: Not more than 5 years.

*See generally* 21 U.S.C. §§ 846, 841(a) & (b); 18 U.S.C. §§ 924(c) & 2.

3

No. 17-10690

process rights and his rights under the Eighth Amendment.  The district court overruled the objections.

At the sentencing hearing, Gomez urged the district court to find a way—"in any . . . shape[] or form for the Court, with the autonomy and authority . . . inherent as an Article III judge"—to not "stack" the two firearms counts, which together amounted to a total sentence of 30 years.  In response, the district court stated:  "[T]he clear statutory language doesn't permit me to do that."  After hearing from counsel and Gomez, the court imposed a 652-month aggregate sentence on all counts; this included 292 months on the drug offenses, which is on the low end of the Guidelines, and 360 months for the firearms offenses.   The judge further remarked:   "I find under the circumstances that the Guideline calculation is excessive, but I believe that's what I'm required to do by the statute."  Gomez timely appealed.  We discuss the issues below.

## II.

We examine sentences for reasonableness by engaging in a bifurcated review.[5]  An appellate court must first ensure that the sentencing court "committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, . . . or failing to adequately explain the chosen sentence."[6]  If there is no procedural error, the appellate court reviews the substantive reasonableness of the sentence under a deferential abuse of discretion standard.[7]

---

[5] *Gall v. United States,* 552 U.S. 38, 49–51 (2007); *United States v. Delgado–Martinez,* 564 F.3d 750, 752 (5th Cir. 2009).

[6] *Gall*, 552 U.S. at 51.

[7] *Id.*

4

No. 17-10690

**A.**

First, Gomez argues that the district court erroneously found him to be an organizer or leader of the criminal offenses, thereby misapplying a two-level enhancement to his Guidelines offense level. He objected to the enhancement at his sentencing hearing and thus preserved this issue for appeal. We review this factual determination for clear error.[8]

Relevant here, § 3B1.1(c) of the United States Sentencing Guidelines provides for a two-level adjustment if the defendant was an organizer, leader, manager, or supervisor in any criminal activity other than activity involving five or more participants or any otherwise extensive activity.[9]

In determining whether a defendant had a leadership role, a district court should consider the following factors:

> [whether the defendant exercised] decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.[10]

In this case, Gomez avers that he was not a leader in the underlying offenses and that he and Cantu "worked together with equal responsibility and culpability." Specifically, Gomez claims that he did not recruit Cantu, that he

---

[8] *See United States v. Gomez–Alvarez*, 781 F.3d 787, 791 (5th Cir. 2015); *United States v. Posada–Rios*, 158 F.3d 832, 878 (5th Cir. 1998); *United States v. Rodriguez*, 15 F.3d 408, 414 (5th Cir. 1994).

[9] *See* U.S.S.G. § 3B1.1(c).

[10] *Id.* at § 3B1.1, comment (n.4); *see United States v. Ochoa–Gomez*, 777 F.3d 278, 281–82 (5th Cir. 2015).

No. 17-10690

did not exercise control over Cantu, and that Cantu acted independently and claimed the fruits of his own drug activities.

From the record, we find the district court's determination of Gomez's leadership status plausible. Evidence at trial established that Cantu sold drugs for Gomez and Gomez controlled Cantu in their activities. In return for living in Gomez's home, Cantu was available to assist Gomez as needed. Cantu testified that he "worked for" Gomez and that Gomez once described their relationship as "him being the chief and me being the Indian." Cantu admitted that he also sold drugs, particularly marijuana and cocaine, for his own profit. He stated, nevertheless, that there was an "understanding" that he would obtain these drugs from Gomez in order to "keep the money in the house."

Furthermore, the record shows that Gomez exercised extensive control over many aspects of the underlying offenses. Cantu testified that Gomez kept most proceeds from sales of methamphetamine, set the price for such sales, and sometimes pre-weighed the quantities of methamphetamine for sale. According to Cantu, Gomez was also involved in "cutting" and packaging the drugs, and arranged for the supply of marijuana.

Based on the evidence presented at trial, we conclude that the district court did not clearly err in applying the § 3B1.1(c) role enhancement. The court's finding is "plausible in light of the record as a whole."[11]

## B.

Next, Gomez alleges that the district court committed procedural error by failing to adequately explain the reasons for his sentencing and failing to consider the 18 U.S.C. § 3553(a) factors. Additionally, relying on *Dean*, Gomez argues that the district court was not fully aware of its discretionary authority

---

[11] *See United States v. Serfass*, 684 F.3d 548, 550 (5th Cir. 2012) (internal quotation marks and footnote citation omitted).

No. 17-10690

under the Sentencing Guidelines on the counts not controlled by a mandatory minimum when arriving at a total sentence.

Because Gomez failed to raise these issues,[12] we review these claims for plain error.[13] Plain error doctrine provides:

> An appellate court may not correct an error the defendant failed to raise in the district court unless there is (1) error, (2) that is plain, and (3) that affects substantial rights. If all three conditions are met an appellate court may then exercise its discretion to notice a forfeited error but only if (4) the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.[14]

### 1.

Generally, a sentencing court must "state in open court the reasons for its imposition of the particular sentence."[15] It must also "set forth enough to satisfy the appellate court that [the sentencing court] has considered the parties' arguments and has a reasoned basis" for the decision.[16]

---

[12] Gomez asks us to review the district court's application of the Sentencing Guidelines *de novo*. However, "[a] party must raise a claim of error with the district court in such a manner so that the district court may correct itself and thus obviate the need for appellate court review." *Rodriguez*, 15 F.3d at 414 (quoting *United States v. Bullard*, 13 F.3d 154, 156 (5th Cir. 1994). Simply voicing disagreement about the Sentencing Guidelines' recommended range for imprisonment is insufficient to notify the sentencing court of a party's basis for objection. *See United States v. Mondragon-Santiago*, 564 F.3d 357, 361 (5th Cir. 2009).

[13] *See* FED. R. CRIM. P. 52(b); *United States v. Martinez-Rodriguez*, 821 F.3d 659, 662–63 (5th Cir. 2016) (internal quotations and citations omitted) (holding unpreserved procedural and substantive sentencing objections are reviewed "only for plain error"); *United States v. Peltier*, 505 F.3d 389, 391 (5th Cir. 2007).

[14] *United States v. Mares*, 402 F.3d 511, 520 (5th Cir. 2005) (internal quotations and citations omitted); *United States v. Ellis*, 564 F.3d 370, 377 (5th Cir. 2009).

[15] 18 U.S.C. § 3553(c); *United States v. Salazar*, 743 F.3d 445, 451 (5th Cir. 2014) (citing *United States v. Warren*, 186 F.3d 358, 366 (3d Cir. 1999)).

[16] *Rita v. United States*, 551 U.S. 338, 356 (2007).

## No. 17-10690

In the instant case, the district court stated that it had reviewed the PSR, the PSR Addendum, and Gomez's sentencing memorandum.  It also adopted the PSR and recited the applicable Guidelines calculations.  Because the district court sentenced Gomez within the Guidelines range on the drug counts not carrying a mandatory minimum, a lengthy explanation was not required.[17]  Based on the record, we are satisfied that the district court adequately considered the parties' submissions and complied with § 3553(c)(1) by stating the reasons for its imposition of Gomez's sentence.[18]  Accordingly, on this point, there is no plain error.

### 2.

Finally, Gomez argues that the district court erroneously believed it was not authorized to consider the counts carrying mandatory-minimum sentences—a total of 40 years—in arriving at a prison term on the remaining counts so his aggregate sentence was unreasonable.  Relying on the Supreme Court's recent decision in *Dean*, Gomez asserts that nothing in § 924(c) "restricts the authority of sentencing courts to consider the imposition of a mandatory minimum when calculating a just sentence for an underlying predicate count."  He claims that the district court's failure to recognize this authority "in effect treat[ed] the Guidelines as mandatory."  As a result, Gomez concludes that the district court unreasonably imposed a 652-month aggregate sentence despite "find[ing] under the circumstances that the Guideline calculation is excessive. . . ."

---

[17] *See id.*; *Mares*, 402 F.3d at 519 (holding "[i]f the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines.").

[18] *See United States v. Smith*, 440 F.3d 704, 707 (5th Cir. 2006) (holding district court need not engage in a "checklist recitation of the [§] 3553(a) factors").

No. 17-10690

In response, the Government argues that the sentencing court obviously "misspoke" at the hearing, unintentionally substituting "Guideline calculation" for the lengthy consecutive sentences required under § 924(c) and §§ 846, 841(a)(1) & (b)(1)(A)(viii). In support of this theory, the Government points to the district court's reference to what it was "required to do by the statute"—that is, § 924(c) requiring imposition of mandatory, statutory-minimum sentences of 30 years for the firearms offenses and §§ 846, 841(a)(1) & (b)(1)(A)(viii) mandating a minimum of 10 years on the methamphetamine counts. The Government contends that we should affirm the sentence because Gomez has not met the demanding standard required to demonstrate plain error.

Gomez suggests that the Supreme Court's *Dean* decision, announced about two months before he was sentenced, provides guidance in this situation.[19] In *Dean*, the defendant was convicted of conspiracy to commit robbery and robbery, as well as two counts of possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. §§ 924(c) & 2.[20] Following the Eighth Circuit's precedent in *United States v. Hatcher*,[21] the district judge concluded that he "was required to disregard Dean's 30-year mandatory minimum when determining the appropriate sentences for Dean's other counts of conviction."[22] The court therefore sentenced Dean to a total of

---

[19] The Supreme Court decided *Dean* on April 3, 2017. Gomez was sentenced on June 19, 2017.

[20] *Dean*, 137 S. Ct. at 1174–75.

[21] 501 F.3d 931 (8th Cir. 2007).

[22] *Dean*, 137 S. Ct. at 1175.

400 months' imprisonment, which was 40 months longer than the 30-year and one-day sentence he deemed "more than sufficient."[23]

The Supreme Court reversed.  Contrary to the Eighth Circuit's holding in *Hatcher*, the Court held that when a defendant is facing two consecutive sentences—one for a predicate offense, which does not carry a mandatory-minimum sentence, and another for an offense committed under § 924(c), which does carry a mandatory-minimum sentence—the sentencing judge may consider the defendant's § 924(c) sentence when deciding the proper amount of time to be served for the predicate offense.[24]  In a unanimous decision, the Court reasoned:  To render a fair and reasonable judgment—"a sentence sufficient, but not greater than necessary, to comply with the four identified purposes of sentencing: just punishment, deterrence, protection of the public, and rehabilitation"—it is important that a sentencing court considers the aggregate prison term and "the need for the sentence imposed to serve the four overarching aims of sentencing."[25]  The Court recognized that nothing in the statutory language of § 924(c) prevents sentencing courts from considering the mandatory minimums when arriving at a just aggregate sentence.[26]

Although this circuit has never announced a contrary position, *Dean* has abrogated several sister circuits' precedents that previously held a sentencing court may not consider a defendant's § 924(c) mandatory-minimum sentence when deciding what sentence to impose for the predicate offense.[27]

---

[23] *See id.* at 1170 (internal quotation marks omitted).

[24] *Id.* at 1176–77.

[25] *See id.* at 1175 (citing 18 U.S.C. §§ 3553(a)(1), (2)(A)–(D); *Gall*, 552 U.S. at 50, n.6) (quotation marks omitted).

[26] *Id.* at 1176–77.

[27] *See, e.g., id.* (abrogating *Hatcher*, 501 F.3d 931); *United States v. Shelton*, 715 F. App'x 559 (7th Cir. 2018) (acknowledging that *Dean* abrogated *United States v. Roberson*,

No. 17-10690

In this case, the district court correctly observed that it had no discretion to reduce the mandatory-minimum sentences required under § 924(c).[28] But, based on the record, it appears unlikely that the district court considered the Supreme Court's teachings in *Dean*, which clearly authorized sentencing courts to consider the length of the mandatory-minimum sentence they were required to give in fashioning a sentence on the discretionary, non-mandatory counts. By "find[ing] . . . the Guideline calculation [. . .] excessive" in Gomez's case yet still imposing a prison term within that uncomfortable territory, the district judge signaled a desire for a downward variance—if he had known it was permissible. And *Dean* makes it clear that the district court could have deviated from the Guidelines on the discretionary counts. Yet because we cannot determine from the record whether the court would have deviated downward on those counts—had it known that was permissible—we conclude that we should give the district court an opportunity to clarify whether, in light of *Dean*, it wishes to reconsider the sentence he imposed on the discretionary counts.

A limited remand is the appropriate remedy here. The Seventh Circuit, for instance, has confronted a similar issue. In a post–*Booker*[29] sentencing appeal reviewed under plain error, the Seventh Circuit explained: Unless the

---

474 F.3d 432 (7th Cir. 2007), which "precluded judges from reducing the sentence of a predicate crime in order to offset a consecutive § 924(c) sentence"); *United States v. Henry*, 722 F. App'x 496, 501 (6th Cir. 2018) (recognizing "*Dean* abrogated *United States v. Franklin*, 499 F.3d 578, 586 (6th Cir. 2007), which had required district courts to ignore § 924(c) when sentencing the offender for the predicate crimes."); *see also*, *e.g.*, *United States v. Bonilla*, 700 F. App'x 82, 84 (2d Cir. 2017) (noting "*Dean* may have effectively overruled [the Second] [C]ircuit's precedent [in *United States v. Chavez*, 549 F.3d 119, 135 (2d Cir. 2008)].").

[28] *See United States v. Carter*, 595 F.3d 575, 578–79 (5th Cir. 2010).

[29] *Booker* refers to the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005) (holding Sentencing Guidelines should be treated as advisory rather than mandatory).

11

record indicates otherwise, it is often difficult, if not impossible, for a reviewing court to determine, without consulting the sentencing judge, whether the judge would issue a lower sentence.[30]   Thus, in some uncertain situations, the Seventh Circuit has recognized that "[t]he only practical way (and it happens also to be *the shortest, the easiest, the quickest, and the surest way*) to determine whether the kind of plain error argued in these cases has actually occurred is to ask the district judge."[31]

The Seventh Circuit applied the same logic and common-sense approach in handling some post–*Dean* cases.  For example, in *United States v. Anderson*, the defendant challenged his sentence, in part, based on *Dean*.[32]   There, Anderson was convicted by a jury for unlawful possession of a firearm as a felon, possession of crack cocaine with intent to distribute, and possession of a firearm in furtherance of a drug trafficking offense.[33]   The two firearms offenses carried mandatory-minimum sentences.[34]   At sentencing, the defendant asked the district court to offset the consecutive term that was statutorily mandated by § 924(c) by reducing the term of imprisonment on the other charges.[35]   In response, the court stated that "[under Seventh Circuit caselaw,[36]] sentencing [j]udges may not reduce a prison term for an underlying crime to offset the consecutive term that is [s]tatutorily mandated for

---

[30] *See United States v. Paladino*, 401 F.3d 471, 482 (7th Cir. 2005).

[31] *Id.* at 483 (emphasis added).

[32] 881 F.3d 568 (7th Cir. 2018).

[33] *Id.* at 570.

[34] *Id.*

[35] *Id.* at 576.

[36] *Roberson*, 474 F.3d 432; *United States v. Ikegwuonu*, 826 F.3d 408 (7th Cir. 2016).

[violating] 924(c)."[37]  This statement of the law, the Seventh Circuit recognized, is now in conflict with *Dean*.[38]  Because "[t]here is some ambiguity in the sentencing hearing as to whether the district court nonetheless considered the mandatory sentence in determining its sentence," the Seventh Circuit noted it "cannot be certain" whether "the district court felt bound in its sentencing by [its] since-abrogated [caselaw]."[39]  Accordingly, the Seventh Circuit concluded that "a limited remand is appropriate to ascertain whether the district court would be inclined to sentence Anderson differently in light of the Supreme Court's decision in *Dean*."[40]

We elect to do the same here.  We remand this case to the district judge for the limited purpose of providing us with an answer to the following question:  Do you wish to modify your original sentence in this case in light of *Dean*?  If yes, then the district court may proceed with resentencing the defendant.  If no, then the district court shall enter an order reflecting that intent.  Whichever option the district court chooses, the Clerk for the Northern District of Texas shall forward to us the district court's order, and we will proceed accordingly with this appeal.[41]  We will retain appellate jurisdiction pending the district court's response.

---

[37] *Anderson*, 881 F.3d at 576.

[38] *Id.*

[39] *Id.* at 576–77.

[40] *Id.* at 577; *see also, e.g.*, *United States v. Cureton*, 882 F.3d 714, 715 (7th Cir. 2018) (issuing limited remand); *United States v. Shelton*, 715 F. App'x 559, 560 (7th Cir. 2018) (same); *United States v. Badoni*, 694 F. App'x 592, 593 (9th Cir. 2017) (holding "[b]ecause the record does not make clear whether the district court understood that it could consider the § 924(c) mandatory sentence . . . we vacate the sentences on those counts and remand for resentencing in light of *Dean*.").

[41] Because we afford the district court an opportunity, at its discretion, for resentencing, we need not consider now whether Gomez's 652-month prison term is substantively reasonable.  *See Gall*, 552 U.S. at 51 (holding determination of reasonableness

No. 17-10690

### III.

Based on the foregoing reasons, we **REMAND** this case for the limited purpose stated above.

**REMANDED FOR LIMITED CONSIDERATION CONSISTENT WITH THIS OPINION.**

---

begins first with reviewing procedural error, then substantive); *see also United States v. Diehl*, 775 F.3d 714, 722–23 (5th Cir. 2015).  Our decision to issue a limited remand has no bearing on the substantive reasonableness of Gomez's existing prison term.