# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 18-10629

United States Court of Appeals
Fifth Circuit

**FILED**

July 26, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

RAMON FELIPE PARRA-CHACON,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

Before HIGGINSON and WILLETT, Circuit Judges, and BROWN, District Judge.*

PER CURIAM:**

Ramon Felipe Parra-Chacon pleaded guilty to being a felon in possession of a firearm and was sentenced to 57 months imprisonment, over the Guidelines range of 30 to 37 months. On appeal, Parra-Chacon contends that his sentence was substantively unreasonable. He argues that the district court increased his sentence based in part on three unscored immigration

---

* District Judge of the Northern District of Mississippi, sitting by designation.

** Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

convictions from 2000, 2001, and 2004. These are crimes that Parra-Chacon contends he could not have committed because he is, as the government acknowledges, a birthright citizen.

Initially, the government contended that defense counsel caused the district court to mistakenly believe that Parra-Chacon only became a citizen in 2005, after his convictions for illegal entry and reentry. In briefing and at oral argument, the government therefore urged affirmance primarily under the doctrine of invited error. Since oral argument, the government has joined Parra-Chacon in requesting a limited remand.[1]

We agree that there are significant ambiguities in the record that the district court is best positioned to resolve. On the one hand, the record provides support for the possibility that the district court mistakenly believed that Parra-Chacon became a citizen in 2005. Defense counsel at sentencing first stated that Parra-Chacon was "sentenced and had to do time for having violated the immigration law when it turns out that he was actually a citizen of the United States." When the district court later asked when Parra-Chacon became a citizen, however, counsel responded that Parra-Chacon "obtained a certificate of citizenship on the 19th of August, 2005." Notably, the district court was forced to rely on defense counsel because the certificate was never submitted to the district court. The certificate of citizenship was only made available to our court once the record on appeal was supplemented, without government opposition.[2] On the other hand, when Parra-Chacon further objected that the district court's sentence was "taking into account . . . the

---

[1] This appeal presents unusual facts, and we commend the parties for their collaborative effort to resolve it appropriately.

[2] The certificate itself states that Parra-Chacon became a citizen of the United States on August 23, 1977, which is the date of his birth.

convictions for the illegal reentry cases," the district court responded, "Well, they're convictions. They haven't been expunged."[3]

On this record, we cannot determine whether the district court understood the parties' submission, confirmed to us in their joint motion, that Parra-Chacon "was a U.S. citizen from birth." Pursuant to this court's decision in *United States v. Gomez*, 905 F.3d 347, 355 (5th Cir. 2018), we remand for the district court to resolve that uncertainty and whether it affected Parra-Chacon's sentence. We retain appellate jurisdiction.

---

[3] The district court may have been construing Parra-Chacon's objection as a collateral attack on his convictions and concluding that such a collateral attack was barred by *Custis v. United States*, 511 U.S. 485 (1994), and *United States v. Longstreet*, 603 F.3d 273 (5th Cir. 2010). The parties did not brief *Custis* or *Longstreet*, though at this court's direction, they did address those cases at oral argument. Without more developed adversarial treatment, and given the ambiguities present in this record, we decline at present to resolve whether Parra-Chacon's appeal implicates *Custis* or *Longstreet*.