# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2020

Lyle W. Cayce
Clerk

No. 19-60941
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JOHN RILEY, *also known as* P. J.,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:08-CR-92-1

Before JOLLY, ELROD, and GRAVES, *Circuit Judges*.

PER CURIAM:*

John Riley, federal prisoner # 15081-043, was convicted of possession with intent to distribute more than five grams of a mixture or substance containing a detectable amount of cocaine base in violation of 21 U.S.C. § 841(a)(1).   He was initially sentenced to a 324-month term of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

imprisonment, but his sentence was twice reduced, and he is currently serving a 210-month term of imprisonment.  He moved for resentencing under the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018).  The district court denied the motion.  We remand for the limited purpose of allowing the district court to explain why it did so, and we retain jurisdiction as is customary for limited remands.  *See*, *e.g.*, *United States v. Gomez*, 905 F.3d 347, 354-56 (5th Cir. 2018).

Without a hearing, the district court denied the motion in an order without giving any reasons.  Though district courts need not always explain why they have denied a motion, meaningful review is possible here only with a statement of reasons for the denial.  *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989).  Absent such a statement, we can only guess why the motion was denied.  We thus REMAND for the limited purpose of allowing the district court to explain its reasons for the denial.