# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 1, 2020

Lyle W. Cayce
Clerk

No. 18-50635

United States of America,

*Plaintiff—Appellant*,

*versus*

Samuel Tanel Crittenden,

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:17-CR-2039-2

---

Before Dennis, Elrod, and Costa, *Circuit Judges*.

Per Curiam:*

We WITHDRAW the court's prior majority and dissenting opinions of August 20, 2020, and substitute the following opinion on behalf of the entire panel.

After a jury convicted Samuel Crittenden of possession with intent to

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

distribute 500 grams or more of methamphetamine, he moved for a new trial under Federal Rule of Criminal Procedure 33(a). The district court granted his motion and the United States timely appealed. The panel issued majority and dissenting opinions on August 20, 2020. Upon further reflection, the panel determines that we should remand the case for the limited purpose of clarifying whether the district court held that the evidence was insufficient to support a conviction or that, despite its sufficiency, the evidence "preponderated heavily against the guilty verdict." *United States v. Herrera*, 559 F.3d 296, 302 (5th Cir. 2009).

There are significant differences between finding that the evidence was insufficient to support the verdict and granting a new trial. "In this Circuit, the generally accepted standard is that a new trial ordinarily should not be granted unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict." *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 465 (5th Cir. 2004)) (quotation marks omitted). Even where "the evidence is sufficient to support a conviction," the district court may grant a new trial if it "cautiously reweighed" the evidence and concluded that it "preponderated heavily against the guilty verdict." *Herrera*, 559 F.3d at 302. We review a district court's decision to grant a new trial for abuse of discretion. *United States v. Hoffman*, 901 F.3d 523, 552 (5th Cir. 2018).

In contrast, there is insufficient evidence only when, taking all inferences in favor of the verdict, "no rational juror could have found guilt beyond a reasonable doubt." *Id.* at 541 (quoting *United States v. Sanjar*, 876 F.3d 725, 744 (5th Cir. 2017)). When a court finds the evidence insufficient, the defendant must be acquitted. *Burks v. United States*, 437 U.S. 1, 10–11 (1978). Acquittal is required even when the defendant moved only for a new trial. *Id.* at 17. We review *de novo* a district court's holding that the evidence was insufficient to support the jury's verdict. *Hoffman*, 901 F.3d at 541.

No. 18-50635

Here, the problem is that the district court's memorandum opinion is ambiguous as to whether it held that the evidence was insufficient to support a conviction or, alternatively, that the evidence preponderated heavily against the guilty verdict despite its sufficiency. The district court's decision to grant a new trial implies that it held that the evidence preponderated heavily against the verdict under *Herrera*, 559 F.3d at 302. Yet, the district court's memorandum opinion speaks repeatedly of the insufficiency of the evidence against Crittenden, which would require acquittal. *See Burks*, 437 U.S. at 10–11. On appeal, neither party addressed this issue.

Because the memorandum opinion is ambiguous, we REMAND for the limited purpose of allowing the district court to state whether it ruled the evidence insufficient or instead ruled that, while the evidence was sufficient, it preponderated heavily against the guilty verdict so as to warrant a new trial. The district court shall enter the appropriate order within twenty-one days of the issuance of this opinion. We retain jurisdiction over this limited remand pending the district court's response, as is customary for limited remands. *See, e.g.*, *United States v. Gomez*, 905 F.3d 347, 356 (5th Cir. 2018). This appeal shall return to the same panel.

\*     \*     \*

This case is REMANDED FOR LIMITED CONSIDERATION CONSISTENT WITH THIS OPINION.