# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

July 23, 2021

Lyle W. Cayce
Clerk

No. 20-50681
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

TOMMY DELANDO BURNS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:06-CR-89-1

Before DAVIS, STEWART, and DENNIS, *Circuit Judges*.

PER CURIAM:*

Tommy Delando Burns, federal prisoner # 35499-177, was convicted of one count of conspiracy to possess with intent to distribute crack cocaine and two counts of aiding and abetting the distribution of crack cocaine. Following a remand, he was resentenced to concurrent terms of 324 months

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-50681

in prison and five years of supervised release, but his sentences were subsequently reduced, and he is now serving concurrent terms of 262 months in prison. He moved in the district court for resentencing under the First Step Act of 2018, § 404, Pub. L. No. 115-391, 132 Stat. 5194, 5222 (2018), and he asked for a reduction of both his sentences and his terms of supervised release. Without a hearing, the district court denied the motion in an order without giving any reasons.

Though district courts need not always explain why they have denied a motion, meaningful review is possible here only with a statement of reasons for the denial. *See Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989). Absent such a statement, we can only guess why the motion was denied. We thus REMAND for the limited purpose of allowing the district court to explain why it denied the motion, and we retain jurisdiction, as is customary for limited remands. *See, e.g.*, *United States v. Gomez*, 905 F.3d 347, 354-56 (5th Cir. 2018).