# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
November 9, 2021

Lyle W. Cayce
Clerk

No. 21-10392
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Andre Bickens,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CR-68-1

Before Higginbotham, Higginson, and Duncan.

Per Curiam:*

Andre Bickens, federal prisoner # 32225-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A)(i) motion for compassionate release, asserting that the district court failed to address his argument that, in addition to his medical condition, the district court's failure to adjust his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

sentence under U.S.S.G. § 5G1.3(b) for an undischarged term of imprisonment entitled him to a reduction in sentence to time served. He has also filed a motion for the appointment of counsel.

In its denial order, the district court addressed only whether Bickens's medical condition warranted compassionate release. Although the district court's ruling is reviewed under a deferential abuse of discretion standard, to the extent that the denial order does not indicate that the district court considered Bickens's § 5G1.3(b) argument, the record is insufficient to conduct the required review. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* § 3582(c)(1)(A)(i).

Accordingly, we REMAND for the limited purpose of allowing the district court to address Bickens's argument that the district court's failure to adjust his sentence under § 5G1.3(b) is an extraordinary and compelling reason that warrants a sentence reduction. This court retains jurisdiction as is customary for limited remands. *See, e.g.*, *United States v. Gomez*, 905 F.3d 347, 354-56 (5th Cir. 2018). Bickens's motion for the appointment of counsel is carried with the case. Upon entry of the district court's ruling, this case shall be returned to this court for a decision on the pending appeal. We respectfully ask that the district court give this matter expedited attention given that the government has confirmed Bickens's upcoming release date of February 26, 2022.