# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 17, 2021

Lyle W. Cayce
Clerk

No. 21-50079
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

David Aundra Straughn,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:03-CR-3-1

Before Jolly, Willett, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Proceeding pro se, David Aundra Straughn, federal prisoner # 72866-080, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. Straughn contends that he has established extraordinary and compelling reasons warranting a grant of compassionate

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

release.  He also asserts that compassionate release is appropriate based on consideration of the 18 U.S.C. § 3553(a) sentencing factors.  The Government argues that, because Straughn is a danger to the community and the § 3553(a) factors do not support his request for compassionate release, the district court did not abuse its discretion in denying his motion.

As an initial matter, to the extent that Straughn moves in this court for compassionate release, his motion is DENIED, as we cannot rule on such a motion in the first instance.

In its order denying the compassionate release motion, the district court indicated that it had considered the submissions of the parties, and the court's file, including Straughn's Presentence Report.  However, the district court failed to provide any discernible reasons for denying the compassionate release motion.  Although the district court's ruling is reviewed under an abuse of discretion standard, meaningful review is possible only with a statement of reasons for the denial.  *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

Accordingly, we REMAND for the limited purpose of allowing the district court to explain its reasons for the denial of the motion for compassionate release.  This court retains jurisdiction, as is customary for limited remands.  *See, e.g., United States v. Gomez*, 905 F.3d 347, 354-56 (5th Cir. 2018).  Upon entry of the district court's explanation of its reasons for denying the motion, this case shall be returned to this court, and the parties will be allowed an opportunity for supplemental briefing.