# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 10, 2022

Lyle W. Cayce
Clerk

No. 21-10371
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ALEX ROMO RIOS,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:07-CR-22-1

Before HIGGINBOTHAM, HIGGINSON, and DUNCAN, *Circuit Judges*.

PER CURIAM:*

Alex Romo Rios, federal prisoner # 25965-077, appeals the district court's denial of his 18 U.S.C. § 3582(c)(1)(A) motion for compassionate release. He argues that the district court failed to address his arguments that, in addition to his medical conditions, his sentence should be reduced to time

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

served because he would not be subject to life imprisonment if sentenced today for factual and legal reasons and in light of changes effected by the First Step Act and that such a reduction would better reflect the seriousness of his offenses and eliminate unwarranted sentencing disparities under 18 U.S.C. § 3553(a).

As a preliminary matter, Rios's notice of appeal was untimely, but it could be construed as a motion for an extension of time to file a notice of appeal under Federal Rule of Appellate Procedure 4(b)(4). Accordingly, we REMAND for the district court address that issue.

In its denial order, the district court's analysis addressed only whether Rios's medical conditions warranted compassionate release and adverted to Rios's arguments regarding his unjust and unlawful life sentence only in a footnote. Although the district court's ruling is reviewed under a deferential abuse of discretion standard, to the extent that the denial order does not indicate that it considered Rios's arguments regarding his life sentence, the record is insufficient to conduct the required review. *See United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020); *see also* § 3582(c)(1)(A)(i). Accordingly, we also REMAND for the purpose of allowing the district court to address Rios's arguments that his unlawful and unjust life sentence constitutes an extraordinary and compelling reason for a sentence reduction and that such a reduction would be warranted under § 3553(a).

This court retains jurisdiction as is customary for limited remands. *See, e.g., United States v. Gomez,* 905 F.3d 347, 354-56 (5th Cir. 2018). Upon entry of the district court's explanation for its denial of Rios's compassionate release motion and its findings regarding the timeliness of Rios's notice of appeal, this case shall be returned to this court for a decision on the appeal.