# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2024

Lyle W. Cayce
Clerk

No. 23-20312

_____

In the Matter of Kirby Inland Marine, LP, Owner of M/V Sabinal, for Exoneration from or Limitation of Liability

Kirby Inland Marine, L.P., Owner of M/V Sabinal,

*Petitioner—Appellee*,

*versus*

Daniel Sanchez,

*Claimant—Appellant*,

Intercontinental Terminals Company, L.L.C.,

*Claimant—Appellee*,

_____

In the Matter of Kirby Inland Marine, LP, Owner of M/V Sabinal, for Exoneration from or Limitation of Liability

Kirby Inland Marine, L.P., Owner of M/V Sabinal,

*Petitioner—Appellee*,

*versus*

Michael Randolph,

*Claimant—Appellant*,

INTERCONTINENTAL TERMINALS COMPANY, L.L.C.,

*Claimant—Appellee*,

_____

IN THE MATTER OF KIRBY INLAND MARINE, LP, OWNER OF M/V SABINAL, FOR EXONERATION FROM OR LIMITATION OF LIABILITY

KIRBY INLAND MARINE, L.P., OWNER OF M/V SABINAL,

*Petitioner—Appellee*,

*versus*

DAVID HAYES,

*Claimant—Appellant*,

INTERCONTINENTAL TERMINALS COMPANY, L.L.C.,

*Claimant—Appellee*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:21-CV-2965, 4:21-CV-2966,
4:21-CV-2967

_____

Before WIENER, HAYNES, and HIGGINSON, *Circuit Judges*.
PER CURIAM:[*]

_____

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 23-20312

Claimants-Appellants Daniel Sanchez, Michael Randolph, and David Hayes (the "Seaman-Claimants") appeal the district court's order denying their motion to lift the limitation stay imposed by the Limitation of Liability Act of 1851, 46 U.S.C. § 30511(c). The Seaman-Claimants argue that Claimant-Appellee Intercontinental Terminals Company's ("ITC") claims against Petitioner-Appellee Kirby Inland Marine, LP ("Kirby") are invalid and thus ITC's refusal to enter stipulations consistent with our decision in *Odeco Oil & Gas Co., Drilling Division v. Bonnette*, 74 F.3d 671 (5th Cir. 1996) is not an impediment to lifting the stay. However, the district court has never ruled on the validity of ITC's claims against Kirby; in fact, the Seaman-Claimants' motion to dismiss those claims remains pending. We therefore REMAND for the limited purpose of allowing the district court to expeditiously consider the Seaman-Claimants' motion to dismiss in the first instance, and we retain jurisdiction over this limited remand pending the district court's ruling on the motion to dismiss. *See United States v. Gomez*, 905 F.3d 347, 356 (5th Cir. 2018). After that court's ruling, this appeal shall return to the same panel.

This case is REMANDED FOR LIMITED CONSIDERATION CONSISTENT WITH THIS OPINION.