**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 14, 2009

Charles R. Fulbruge III
Clerk

No. 08-10725
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

IBRAHIM K OWHIB

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:08-CR-33-2

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Ibrahim K. Owhib appeals his 84-month sentence following his guilty plea conviction for aiding and abetting the use of fire to commit wire fraud. He alleges several violations by the district court of Federal Rule of Criminal Procedure 11.

Where, as here, a defendant does not object to Rule 11 errors in the district court, this court reviews for plain error, and the "reviewing court may consult the whole record when considering the effect of any error on substantial rights."

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

*United States v. Vonn*, 535 U.S. 55, 59 (2002). To show plain error, the appellant must show a forfeited error that is clear or obvious and that affects his substantial rights. *Puckett v. United States*,129 S. Ct. 1423, 1429 (2009). If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *Id.* This court will find that a "substantial right" under Rule 11 has been violated only if the defendant shows "a reasonable probability that, but for the error, he would not have entered the plea. " *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004).

Owhib alleges that the district court violated Rule 11(b)(3)[1] because the factual basis failed to establish that he intended to assist his co-defendant, Motaz Wasif Amreya, in committing fraud. In a closely related argument, Owhib argues that the district court violated Rule 11(b)(1)(G)[2] by failing to inform Owhib that the Government was required to prove that he intended to commit fraud. Owhib is correct that, in order to prove that he aided and abetted Amreya, the Government was required to show, inter alia, that Owhib shared Amreya's criminal intent. *See United States v. Jaramillo*, 42 F.3d 920, 923 (5th Cir. 1995).

The undisputed facts establish that Owhib assisted Amreya in committing arson, and that Amreya filed a fraudulent insurance claim on the burned building hours later. While Owhib claims that his actions were motivated only by Amreya's alleged threats, Owhib's trial counsel and the Government both assured the district court that those alleged threats had been fully discussed and did not undermine the factual basis for Owhib's conviction.

---

[1] Rule 11(b)(3) states that, before entering judgment on a guilty plea, a district court "must determine that there is a factual basis for the plea."

[2] Rule 11(b)(1)(G) requires that a district court inform a defendant of "the nature of each charge to which the defendant is pleading."

Even assuming that the district court clearly or obviously erred, either by violating Rule 11(b)(1)(G) or (3), or both, Owhib fails to show that his substantial rights were affected. Owhib's intentions were illuminated by the testimony of Agent Sharon Whitaker, who testified at sentencing that Owhib admitted to her his intent to commit the fraud at issue. Owhib fails to establish, based on the entire record, a reasonable probability that he would not have entered the plea but for the alleged errors of the district court. *See Dominguez Benitez*, 542 U.S. at 83.

Owhib argues that he is entitled to a sentence reduction based upon equitable estoppel because he relied upon misrepresentations by the Government, the district court, and his trial counsel that he would receive an acceptance of responsibility reduction in exchange for his guilty plea. We need not decide whether a claim for equitable estoppel may sound against a district court or defense counsel under these circumstances because Owhib cites no mention of an acceptance of responsibility adjustment by anyone prior to, or during, his plea upon which he reasonably could have relied. Accordingly, his claim is without merit.[3] *See United States v. Bloom*, 112 F.3d 200, 205 (5th Cir. 1997).

Owhib argues that his trial counsel provided ineffective assistance by failing to tell him that he could not qualify for an acceptance of responsibility reduction. As Owhib failed to raise this issue before the district court, we decline to review it. *See United States v. Aguilar*, 503 F.3d 431, 436 (5th Cir. 2007); *see also Massaro v. United States*, 538 U.S. 500, 502–06 (2003) (noting that a § 2255 motion is the preferred method for raising a claim of ineffective assistance of counsel).

AFFIRMED.

---

[3] Owhib's claims that the same alleged misrepresentations by the district court violated various provisions of Rule 11 likewise fail for lack of proof in the record.