# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-11352

United States Court of Appeals
Fifth Circuit

**FILED**
May 8, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

CLINTON DEVONE HICKS,

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES

Before JOLLY, COSTA, and HO, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In 2018, Clinton Hicks pled guilty to two counts of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). Hicks was sentenced to 180 months' imprisonment. Hicks appealed, arguing, among other things, that § 922(g) required the government to prove that he knew of his felon status. We summarily affirmed Hicks's conviction, concluding that his knowledge of felon status argument was foreclosed by our precedent. *United States v. Hicks*, 770 F. App'x 215, 216 (5th Cir. 2019). The Supreme Court vacated our decision and remanded for us to reconsider in the light of *Rehaif v. United States*, 139 S.Ct. 2191, 2200 (2019), which held that in § 922(g)

No. 18-11352

prosecutions the government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm."

Upon remand, we directed the parties to file supplemental briefing. Hicks asks us to vacate his guilty plea and convictions for two reasons: (1) there was an insufficient factual basis to support his guilty plea, and (2) his guilty plea was unknowingly and involuntarily entered. Because Hicks failed to raise these arguments before the district court, our review is for plain error. *See United States v. Gomez*, 905 F.3d 347, 352–53 (5th Cir. 2018). Under plain error review, reversal is warranted only if the following three conditions are met: (1) there was an error, (2) the error was plain, and (3) the error affected the defendant's substantial rights. *See id.* at 353. Once these conditions are met, this court may "notice a forfeited error . . . if . . . the error seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Id.*

We may consider the entire district court record in assessing whether there was a sufficient factual basis to support Hicks's guilty plea. *See United States v. Ortiz*, 927 F.3d 868, 873 (5th Cir. 2019). Here, Hicks signed a factual resume that stipulated that in July 2017 he possessed a ".32-caliber revolver . . . after he had been convicted of a felony." Hicks further stipulated that in December 2017 "after having been previously convicted of a crime punishable by imprisonment for a term exceeding one year, he knowingly and unlawfully possessed a firearm." Further, Hicks's Presentence Investigation Report (PSR) reflects that he had eleven prior adult criminal convictions. The PSR establishes that Hicks received a six-year sentence, and served two years' imprisonment, on four of these convictions. He was later imprisoned for approximately two years on a separate conviction. Additionally, the PSR notes that Hicks was arrested and charged with being a felon in possession of a firearm in state court just two months before the incident that led to the first felon in possession of a firearm charge brought in this case. The evidence is

2

thus overwhelming that Hicks knew he was a felon when he possessed the firearms at issue.  But, in any event, Hicks's knowledge of his felon status is at least subject to reasonable debate.  Consequently, the district court did not plainly err when it accepted the factual basis for Hicks's guilty plea.  *See Puckett v. United States*, 129 S.Ct. 1423, 1429 (2009).

Hicks next contends that by failing to inform him of § 922(g)(1)'s knowledge of felon status requirement the district court violated both Federal Rule of Criminal Procedure 11(b)(1)(G) and principles of due process because he was left unaware of the nature of the charges against him.  As Hicks points out, the Fourth Circuit has held that the failure to ensure that a defendant understands that knowledge of felon status is an element of an offense under § 922(g)(1) is structural, constitutional error that may lead to reversal even absent a showing of prejudice.  *See United States v. Gary*, 954 F.3d 194, 207–08 (4th Cir. 2020).  But we have not considered *Rehaif* errors to warrant automatic reversal.  *See, e.g.*, *United States v. Huntsberry*, --- F.3d ---, 2020 WL 1815120, at *9–10 (5th Cir. Apr. 10, 2020) (affirming § 922(g)(1) conviction after defendant failed to show that the failure to instruct the jury on the knowledge of felon status requirement affected his substantial rights).  And, more generally, in applying plain error review, we have required defendants who claim that they were misadvised of the elements of the offenses to which they pled guilty to show that "there is a reasonable probability that but for the error, [they] would not have pleaded guilty."  *See United States v. Alvarado-Casas*, 715 F.3d 945, 953 (5th Cir. 2013); *see also United States v. Owhib*, 341 F. App'x 10, 12 (5th Cir. 2009).  We see no reason why we should apply a different standard to Hicks's claim that he was misadvised about § 922(g)(1)'s knowledge of felon status requirement.  We thus agree with the Seventh Circuit that even though due process concerns are implicated when a defendant claims that a *Rehaif* error rendered his guilty plea unknowing and

involuntary, the defendant satisfies plain error review only if he shows that there is a reasonable probability that he would not have pled guilty had he known of *Rehaif*. *See United States v. Williams*, 946 F.3d 968, 972–73 (7th Cir. 2020); *see also United States v. Burghardt*, 939 F.3d 397, 403 (1st Cir. 2019).

Here, Hicks has not argued, much less shown, that he would have gone to trial if he had been informed of the knowledge of felon status requirement. Given that the facts detailed in the PSR provide ample support for the inference that Hicks knew of his felon status when he possessed the firearms, we conclude that Hicks has failed to show that the *Rehaif* error affected his substantial rights. And, in any event, Hicks has not shown that the error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Gomez*, 905 F.3d at 353. We see nothing unfair about affirming Hicks's conviction when the record contains substantial evidence that he knew of his felon status. As stated, when Hicks possessed the firearms, not only had he served more than two years' imprisonment on two separate occasions, he had also recently been charged in state court with being a felon in possession of a firearm. Based on this record, we cannot say that upholding Hicks's conviction would adversely affect the public reputation of the judicial proceedings even if he had demonstrated that the failure to inform him of the knowledge of felon status requirement was prejudicial. We therefore decline to vacate Hicks's guilty plea and conviction due to *Rehaif*.[1]

---

[1] Hicks states that he continues to preserve for further appellate review his arguments that (1) § 922(g) requires the government to prove that he knew the firearms were in or affecting interstate commerce; (2) § 922(g) does not allow prosecutions for the possession of firearms in the distant past, and that, if the statute allows such convictions, it is unconstitutional; (3) the indictment should have specified the prior convictions that formed the basis of his sentencing enhancement under the Armed Career Criminal Act; and (4) his prior convictions do not qualify as serious drug offenses under the Armed Career Criminal Act. These arguments remain foreclosed in this circuit. *See United States v. Dancy*, 861 F.2d 77, 81–82 (5th Cir. 1988); *United States v. Daugherty*, 264 F.3d 513, 518 (5th Cir. 2001); *United States v. Alcantar*, 733 F.3d 143, 145–46 (5th Cir. 2013); *Almendarez-Torres v. United*

No. 18-11352

Accordingly, the judgment of the district court is, in all respects,

AFFIRMED.

---

*States,* 118 S.Ct. 1219, 1222 (1998); *United States v. Prentice,* --- F.3d ---, 2020 WL 1847466, at *4 (5th Cir. Apr. 13, 2020).  We thus reaffirm our grant of summary affirmance on these issues.