# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-30449
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

July 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MACON CARROLL,

Defendant-Appellant

Appeals from the United States District Court
for the Middle District of Louisiana
USDC No. 3:18-CR-13-1

Before HIGGINBOTHAM, HO, and ENGELHARDT, Circuit Judges.

PER CURIAM:*

Macon Carroll pleaded guilty to possession of a firearm by a felon in violation 18 U.S.C. § 922(g)(1), reserving his right to appeal the district court's denial of his motion to suppress. He asserts that the district court clearly erred in finding that his encounter with two law enforcement officers, as he and another individual were walking on the side of a road, was not a seizure under the Fourth Amendment. He relies on, inter alia, the officers' actions of parking

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

their patrol cars, activating their vehicles' emergency lights, gesturing towards Carroll, telling Carroll to stay, running a check for warrants, and donning black gloves to argue that a seizure occurred.  Carroll contends that a reasonable person under the circumstances would not have felt free to disregard the officers and leave the scene of the encounter.

When reviewing a district court's ruling on a motion to suppress, this court, viewing the evidence in the light most favorable to the prevailing party, reviews factual findings for clear error and the legality of police conduct de novo.  *United States v. Pack*, 612 F.3d 341, 347 (5th Cir.), *opinion modified on denial of reh'g*, 622 F.3d 383 (5th Cir. 2010). We are especially deferential to factual findings that are based on "live testimony of witnesses because of [the factfinder's] opportunity to judge the credibility of those witnesses." *United States v. Gibbs*, 421 F.3d 352, 357 (5th Cir. 2005) (internal quotation marks and citation omitted).   The conclusion that a seizure did not occur is a finding of fact.  *United States v. Mask*, 330 F.3d 330, 334-35 (5th Cir. 2003).

In determining whether a seizure occurred, the applicable test is whether a reasonable person would not feel free to leave or to terminate the encounter.  *United States v. Drayton*, 536 U.S. 194, 201 (2002).  We consider the totality of the circumstances, including the following non-exclusive factors, to determine when a reasonable person would feel free to terminate an encounter: "(1) the threatening presence of several officers; (2) the display of a weapon by an officer; (3) physical touching of the person of the citizen; and (4) the use of language or tone of voice indicating that compliance with an officer's request might be compelled." *Mask*, 330 F.3d at 337.

In this case, the factors identified in *Mask* support the district court's finding that the encounter at issue was consensual and not coercive.  The encounter was initiated by Carroll when he and another individual approached and sought to speak with one of the officers while he was already stopped in

his patrol vehicle. After the encounter began, the officers merely spoke with and asked questions of Carroll. Notably, during the relevant portion of the encounter, the evidence at the suppression hearing established that the officers never (i) used force, violence, or threats; (ii) displayed or brandished their service weapons; (iii) physically touched Carroll; (iv) searched, took, or held any of Carroll's property; (v) issued orders, commands, or threats to Carroll; (vi) raised their voices or spoke in an authoritative tone; or (vii) told Carroll that he was under investigation or could not leave. *See Drayton*, 536 U.S. at 204. Furthermore, the evidence showed that the officers never subjected Carroll to "a restrictive environment," and they "did not demand answers to their questions, leaving [Carroll] free to decide whether to answer." *United States v. Williams*, 365 F.3d 399, 404-05 (5th Cir. 2004). Accordingly, we conclude that the district court did not clearly err in finding that there was no seizure.

Carroll also challenges his conviction on the ground that the factual basis for his conviction was lacking proof that he knew, at the time of his offense, that he was a convicted felon. *See Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019). We review his argument for plain error. *See Puckett v. United States*, 556 U.S. 129, 134 (2009). Although the factual resume and plea colloquy standing alone do not establish that Carroll knew, when he committed his present offense, that he had been convicted of an offense punishable by more than one year of imprisonment, the record as a whole establishes that he had such knowledge. *See United States v. Hicks*, 958 F.3d 399, 401 (5th Cir. 2020); *United States v. Ortiz*, 927 F.3d 868, 872-73 (5th Cir. 2019). Because the presentence report established, without any challenge by Carroll, that he had been convicted of two offenses punishable by more than one year of imprisonment, the question whether Carroll knew of his status as a convicted felon is at least subject to reasonable dispute. *See Ortiz*, 927 F.3d at 872-73;

*Puckett*, 556 U.S. at 134-35.  Accordingly, Carroll has failed to show plain error. *See Puckett*, 556 U.S. at 134-35.

AFFIRMED.