# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 11, 2020

Lyle W. Cayce
Clerk

No. 18-41183
Summary Calendar

Ｕｎｉｔｅｄ Ｓｔａｔｅｓ ｏｆ Ａｍｅｒｉｃａ,

*Plaintiff—Appellee*,

*versus*

Ｅｍｍａｎｕｅｌ Ｒａｖｅｌｌ,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:17-CR-634-1

Before Ｈａｙｎｅｓ, Ｗｉｌｌｅｔｔ, and Ｈｏ, *Circuit Judges*.

Ｐｅｒ Ｃｕｒｉａｍ:*

Emmanuel Ravell appeals his guilty-plea conviction for possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) and § 924(a)(2). He contends that under *Rehaif v. United States*, 139 S. Ct. 2191

---

* Pursuant to 5ᴛʜ Ｃｉｒｃｕｉｔ Ｒｕｌｅ 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᴛʜ Ｃｉｒｃｕｉｔ Ｒｕｌｅ 47.5.4.

(2019), the factual basis was insufficient to support his guilty plea because it failed to establish an essential element of the offense—that he knew he had been convicted of a crime punishable by more than one year in prison.

Because Ravell did not challenge the sufficiency of the factual basis in the district court, we review for plain error. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). To establish plain error, Ravell must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, we have discretion to correct the error, but only if it "'seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings.'" *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

Based on the whole record, whether there was a sufficient factual basis to support that Ravell knew of his status as a convicted felon is at least subject to reasonable dispute, and thus, there is no clear or obvious error. *See id.*; *United States v. Hicks*, 958 F.3d 399, 400–01 (5th Cir. 2020); *United States v. Lavalais*, 960 F.3d 180, 187–88 (5th Cir. 2020); *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010). In particular, the presentence report established, without any challenge by Ravell, that he had been convicted of various Texas offenses and sentenced to a five-year term of imprisonment and multiple two-year terms of imprisonment.

Ravell raises in his reply brief that in light of *Rehaif*, the indictment and the district court's explanation of the elements of the offense were constitutionally inadequate. He also contends that "he did not receive

No. 18-41183

effective and accurate counsel as to the nature of the charges against him, nor could counsel adequately investigate potential theories of [his] innocence or potential holes in the government's evidence." In his Federal Rule of Appellate Procedure 28(j) letter, Ravell argues that a *Rehaif* error is structural. Because Ravell did not raise these arguments in his initial brief and had an opportunity to do so, we do not consider them. *See United States v. Huntsberry*, 956 F.3d 270, 282 n.4 (5th Cir. 2020); *United States v. Sanchez-Villalobos*, 412 F.3d 572, 577 (5th Cir. 2005), *abrogated on other grounds by Carachuri-Rosendo v. Holder*, 560 U.S. 563 (2010).

AFFIRMED.