# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 15, 2020

Lyle W. Cayce
Clerk

No. 19-40387
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ARNOLDO MARTINEZ-GUERRA,

*Defendant—Appellant*.

Appeals from the United States District Court
for the Southern District of Texas
USDC No. 7:18-CR-304-1

Before HIGGINBOTHAM, JONES, and COSTA, *Circuit Judges*.

PER CURIAM:*

Arnoldo Martinez-Guerra pleaded guilty to possessing a firearm while in the country illegally, in violation of 18 U.S.C. §§ 922(g)(5)(A), 924(a)(2), and 2. The district court sentenced him to 97 months of imprisonment. Relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Martinez-Guerra

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

argues that the factual basis was insufficient to support his guilty plea because it did not establish that he knew of his prohibited status at the time of the offense or that he knowingly possessed the firearm.

Because Martinez-Guerra did not raise this objection in the district court, we review for plain error only. *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019). On plain error review, a defendant must establish an error or defect that is clear or obvious, rather than subject to reasonable dispute, and that affected his substantial rights. *Id.*; *see also United States v. Hicks*, 958 F.3d 399, 400 (5th Cir. 2020). Once those conditions have been met, this court has discretion to correct the forfeited error if it "seriously affects the fairness, integrity, or public reputation of judicial proceedings." *Ortiz*, 927 F.3d at 872.

The record in its entirety, including the presentence report (PSR) and rearraignment transcript, and "fairly drawn inferences from the evidence" show that when he possessed the firearm involved in the offense, Martinez-Guerra knew of his status as an alien illegally or unlawfully in the United States and that he knowingly possessed the firearm. *United States v. Trejo*, 610 F.3d 308, 317 (5th Cir. 2010) (citations omitted); *see also Hicks*, 958 F.3d at 400-02. Martinez-Guerra served as a firearms straw purchasing recruiter and recruited seven other co-conspirators to purchase firearms on his behalf in exchange for financial compensation. The PSR provided that at least three of the recruited co-conspirators knew Martinez-Guerra was an undocumented alien, unlawfully present in the United States. Moreover, in summarizing an interview that government officials conducted with Martinez-Guerra, the PSR explained that Martinez-Guerra was "aware of the necessary documentation that was required to be filled out in order to purchase a firearm, noting that he was unable to purchase firearms himself because of his immigration status." Once the firearms were purchased, Martinez-Guerra took possession of the firearms, occasionally stored the

firearms at his residence, and then concealed the firearms in the bumper of a vehicle before having them transported to Mexico. Thus, Martinez-Guerra's knowledge of his status and possession of the firearm was, at least, subject to reasonable debate. *See Hicks*, 958 F.3d at 400. Accordingly, he has not shown that the district court clearly or obviously erred by accepting the factual basis for his guilty plea. *See Ortiz*, 927 F.3d at 872.

Martinez-Guerra's second argument is that his indictment is legally insufficient because it failed to contain each essential element of the offense in light of *Rehaif*. However, Martinez-Guerra waived any such claim of error by voluntarily and unconditionally pleading guilty to the offense. *See United States v. Daughenbaugh*, 549 F.3d 1010, 1012-13 (5th Cir. 2008); *see also United States v. Lim*, 897 F.3d 673, 679-80 (5th Cir. 2018).

Third, Martinez-Guerra argues that the district court erred in calculating his total offense level by erroneously imposing an enhanced base offense level pursuant to U.S.S.G. § 2K2.1(a)(4)(B)(i)(I) because the offense involved numerous semiautomatic firearms capable of accepting a large capacity magazine; a six-level enhancement pursuant to § 2K2.1(b)(1)(C) because the offense involved 25 to 99 firearms; and a four-level enhancement pursuant to § 2K2.1(b)(5) because Martinez-Guerra was engaged in the trafficking of firearms. While he arguably preserved his objections to the number of firearms enhancement and the trafficking enhancement, Martinez-Guerra did not clearly preserve his objection to the base offense level enhancement. *See United States v. Torres-Perez*, 777 F.3d 764, 767 (5th Cir. 2015). His preserved objections are reviewed under an abuse of discretion standard, *United States v. Odom*, 694 F.3d 544, 546 (5th Cir. 2012), and his unpreserved objection is reviewed for plain error, *Ortiz*, 927 F.3d at 872.

No. 19-40387

With regards to his base offense level enhancement, Martinez-Guerra contends that the district court erred in applying the enhancement because there is no evidence that the firearm he was convicted of possessing had attached to it or was in close proximity to a large capacity magazine. *See* § 2K2.1(a)(4)(B)(i)(I), comment. (n.2). Nevertheless, the PSR provided that the firearm involved in the offense was a semiautomatic firearm capable of accepting a large capacity magazine, and defense counsel at sentencing acknowledged that the firearm Martinez-Guerra possessed had "the ability to hold at least 20 rounds." *See* § 2K2.1(a)(4)(B)(i)(I). Martinez-Guerra introduced no evidence to dispute the PSR and does not now assert that the firearm is incapable of accepting a large capacity magazine. *See United States v. Nava*, 624 F.3d 226, 231 (5th Cir. 2010). Martinez-Guerra has not shown that the district court clearly or obviously erred in applying the enhanced base offense level nor has he cited any binding precedent dictating a contrary conclusion. *See id.*; *see also United States v. Ponce-Flores*, 900 F.3d 215, 218-19 (5th Cir. 2018).

With regards to the number of firearms enhancement, Martinez-Guerra contends that the district court erroneously applied the enhancement because there is no evidence that he possessed more than one firearm. The PSR provides that Martinez-Guerra recruited seven people as "straw purchasers" and that those seven people purchased a total of 26 firearms on his behalf. Given that the purchase of the 26 firearms was "commanded, induced, procured, or willfully caused by the defendant" over the course of several months as part of an "ongoing series of offenses," U.S.S.G. § 1B1.3(a)(1), (2) & comment. (n.5(B)(ii)), it was plausible for the district court to conclude that these firearms "were unlawfully sought to be obtained" by Martinez-Guerra, § 2K2.1, comment. (n.5). *See United States v. Maturino*, 887 F.3d 716, 721-22 (5th Cir. 2018).

No. 19-40387

Martinez-Guerra further argues that the district court erred in enhancing his sentence pursuant to § 2K2.1(b)(5) because he was engaged in trafficking firearms. Martinez-Guerra objects to this enhancement on the basis that there is no evidence that he knew or had reason to believe that the firearms would be used for illegal purposes as required by § 2K2.1(b)(5), comment (n.13). However, the record reveals sufficient evidence from which the district court could infer that Martinez-Guerra had reason to believe that the firearms were being purchased for an unlawful purpose including, inter alia, (1) the nature of his dealings with "El Padrino," the ultimate purchaser of the firearms, (2) his awareness that the firearms were being unlawfully imported into Mexico, (3) the number of weapons purchased in the span of only a few months, as well as (4) the fact that he was being paid above the retail cost of each of the weapons for his role in the purchase of the firearms. *See United States v. Juarez*, 626 F.3d 246, 252 (5th Cir. 2010). Accordingly, the district court did not err in applying the sentencing enhancements pursuant to § 2K2.1. *See Ortiz*, 927 F.3d at 872.

To the extent that Martinez-Guerra seeks reconsideration of the denial of his motion to compel the district court clerk and court reporter to produce the audio recordings of the hearings in the district court, his motion for reconsideration is DENIED as untimely. *See* 5TH CIR. R. 27.2; FED. R. APP. P. 40(a)(1). Lastly, Martinez-Guerra's request for sanctions is non-meritorious; therefore, his request for sanctions is DENIED.

The judgment is AFFIRMED.