# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-50741
Summary Calendar
_____

United States Court of Appeals
Fifth Circuit

**FILED**
August 30, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Edward James Schunior,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:23-CR-49-1

_____

Before Graves, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Edward James Schunior appeals his conviction and sentence for possession with intent to distribute a quantity of actual methamphetamine. He argues that the district court erred in adopting the base offense level in the presentence report (PSR) because it was not supported by a lab report confirming the purity of the methamphetamine involved in the offense.

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50741

As Schunior concedes, he did not raise this issue in the district court. Therefore, review is limited to plain error. *See United States v. Coto-Mendoza*, 986 F.3d 583, 585-86 (5th Cir. 2021). To show plain error, he must show that (1) there was an error not intentionally waived or relinquished; (2) the error was clear or obvious; and (3) the error affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error if it "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Id.* (internal quotation marks and citation omitted).

After being advised of his *Miranda*[1] rights, Schunior made a post-arrest statement in which he admitted that he owned the 8 grams of methamphetamine seized at his arrest; he sold methamphetamine; and he had obtained about one kilogram of methamphetamine about two weeks before his arrest. In the factual basis presented at the rearraignment hearing, he admitted that the drug was actual methamphetamine. When asked if he disagreed with anything in the factual basis, Schunior stated that, while he acknowledged making his post-arrest statement, he disagreed with the one-kilogram quantity. He agreed that the remainder of the factual basis was true and correct. The PSR was based on Schunior's admissions in his post-arrest statement and at the rearraignment hearing. He did not present any evidence to rebut his admissions at the sentencing hearing. Because the PSR was based on Schunior's admissions and Schunior did not present any evidence to rebut his admissions, he has not shown that the district court plainly erred in relying on the PSR to determine the purity of the methamphetamine without a lab report. *See Puckett*, 556 U.S. at 135.

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

Further, Schunior's statements in his police interview, which occurred after he was advised of his *Miranda* rights, constitute sufficiently reliable evidence of the drug quantity involved in the offense. *See United States v. Barfield*, 941 F.3d 757, 763-64 (5th Cir. 2019). He did not present any evidence to rebut the drug quantity at the sentencing hearing. *See United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012). Therefore, the district court was entitled to rely on the PSR's account of Schunior's statements to determine the drug quantity involved in the offense. *See Barfield*, 941 F.3d at 763-64.

In addition, Schunior argues that his guilty plea was not knowing and voluntary because it was induced by the magistrate judge's promise that the Government would provide a lab report concerning the weight and purity of the methamphetamine at the time of sentencing. As he concedes, he did not raise this issue in the district court and, therefore, review is limited to plain error. *See Puckett*, 556 U.S. at 135.

The magistrate judge advised Schunior in accordance with Federal Rule of Criminal Procedure 11 before he entered his guilty plea. The magistrate judge did not promise a benefit or leniency in exchange for Schunior's guilty plea. In the factual basis, Schunior admitted that the drug was actual methamphetamine. He later stated that the factual basis was true and correct, except that he disagreed with the one-kilogram quantity. Any claim that Schunior's guilty plea was not knowing and voluntary is refuted by his statements under oath. *See Blackledge v. Allison*, 431 U.S. 63, 74 (1977); *United States v. Washington*, 480 F.3d 309, 316 (5th Cir. 2007). Schunior has not shown that there is a reasonable probability that but for the magistrate judge's statement, he would not have pleaded guilty. *See United States v. Hicks*, 958 F.3d 399, 401 (5th Cir. 2020).

AFFIRMED.