# United States Court of Appeals
# for the Fifth Circuit

_____

No. 23-20593
Summary Calendar

_____

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Erik Fernando Barahona Tuc,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CR-108-1

_____

Before King, Southwick, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Erik Fernando Barahona Tuc pleaded guilty to conspiracy to receive firearms while being illegally or unlawfully present in the United States. On appeal, he argues that violations of Federal Rule of Criminal Procedure 11 render his guilty plea not knowing and voluntary, challenges the constitutionality of 18 U.S.C. § 922(g)(5) on its face and as applied in light of

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-20593

*New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022), and contends his trial counsel rendered ineffective assistance by not raising these issues. The Government asks us to enforce Barahona Tuc's appeal waiver against his constitutional challenges, but we choose to pretermit this issue. *See United States v. Graves*, 908 F.3d 137, 140 (5th Cir. 2018).

Because Barahona Tuc failed to object in the district court, our review of any Rule 11 violation is for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002). He must therefore show that an error exists, that it is clear or obvious, and that it affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). "In the plain error context, a lack of binding authority is often dispositive." *United States v. Jones*, 88 F.4th 571, 573 (5th Cir. 2023) (internal quotation marks and citation omitted), *cert. denied*, 144 S. Ct. 1081 (2024).

Although Barahona Tuc alleges Federal Rule of Criminal Procedure 11(c)(2) was violated because the written plea agreement discussed at his rearraignment was not executed until after that hearing, he does not cite, and we have not found, any authority supporting this contention. It is therefore unavailing. *See Jones*, 88 F.4th at 573.

Because the sufficiency of the facts to support the conviction "is at least subject to reasonable debate," the district court did not plainly err by accepting the factual basis. *United States v. Hicks*, 958 F.3d 399, 401 (5th Cir. 2020). To the extent Barahona Tuc contends the district court's manner of complying with Rule 11(b)(3) was defective, his arguments are either refuted by the record or else inadequately briefed. *See United States v. Reagan*, 596 F.3d 251, 254 (5th Cir. 2010).

The parties agree that the district court erred by failing to comply with Rule 11(b)(1)(N) and Rule 11(c)(3)(B). We are not persuaded, however, that

No. 23-20593

Barahona Tuc has demonstrated that either error affected his substantial rights. *See United States v. Dominguez Benitez*, 542 U.S. 74, 83, 85 (2004).

Turning to Barahona Tuc's constitutional challenges, we again review for plain error only. *See Jones*, 88 F.4th at 572. The facial challenge is foreclosed by *United States v. Medina-Cantu*, 113 F.4th 537, 540-42 (5th Cir. 2024). The as-applied challenge fails because Barahona Tuc has not shown that any error was clear or obvious. *See Jones*, 88 F.4th at 574.

As to the claims of ineffective assistance of counsel, this is not one of the rare cases in which the record is sufficiently developed to allow us to fairly evaluate such claims on direct appeal. *See United States v. Cervantes*, 706 F.3d 603, 621 (5th Cir. 2013). We therefore deny these claims without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

Accordingly, the judgment of the district court is AFFIRMED.