# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50227

United States Court of Appeals
Fifth Circuit

**FILED**
July 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

ROBERT LOUIS BRANDON,

Defendant - Appellant

Appeal from the United States District Court
for the Western District of Texas

Before SMITH, HIGGINSON, and ENGELHARDT, Circuit Judges.

STEPHEN A. HIGGINSON, Circuit Judge:

On December 17, 2018, Robert Louis Brandon pleaded guilty to being a felon in possession of a firearm. After Brandon's plea, the Supreme Court decided *Rehaif v. United States*, which established for the first time that the government must prove that the person charged with being a felon in possession of a firearm "knew he had the relevant status when he possessed" the firearm. 139 S. Ct. 2191, 2194 (2019). Brandon argues that the district court plainly erred by accepting his guilty plea because the record does not establish that, at the time he possessed the firearm, he knew he had previously been convicted of a qualifying felony offense. Because the record shows that

No. 19-50227

the district court's error did not affect Brandon's substantial rights, *see United States v. Hicks*, 958 F.3d 399, 401 (5th Cir. 2020), we AFFIRM.

## I. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Guilty Plea

On October 24, 2018, a grand jury returned a one-count indictment charging Brandon, in pertinent part, as follows:

> [O]n or about September 23, 2018, in the Western District of Texas, the Defendant, ROBERT LOUIS BRANDON, who having been convicted of a crime punishable by imprisonment for a term exceeding one year, namely for the felony offense of Burglary of a Building on or about June 25, 2008 in a State District [sic] Court for Midland County, Texas . . . did knowingly possess . . . a firearm, to wit: a .38 caliber Colt Revolver.

On December 17, 2018, Brandon pleaded guilty to being a convicted felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The plea was reached without a plea agreement.

At the plea hearing, Brandon and the government agreed to the following stipulated facts. At 11:06 p.m. on September 23, 2018, police officers in Midland, Texas stopped Brandon for a traffic violation. Brandon stated he did not have a driver's license or identification and provided a false name and date of birth to the officer. After a drug dog alerted on the vehicle, officers searched it and discovered suspected methamphetamine, drug paraphernalia, and a .38 caliber Colt Revolver, which was under the front passenger seat. Brandon admitted that "he had the gun and had handed it to the passenger to be concealed under the seat." Brandon acknowledged the accuracy of these facts under oath at rearraignment. A criminal history check revealed that Brandon "had been previously convicted of the felony offense Burglary of a Building" in Texas state court on June 25, 2008.

The magistrate judge found that a factual basis supported Brandon's guilty plea. The district court thereafter adjudged Brandon guilty. On

No. 19-50227

March 12, 2019, the district court sentenced Brandon to 30 months in prison followed by a 3-year term of supervised release. At the sentencing hearing, Brandon was awarded credit for acceptance of responsibility. On March 15, 2019, Brandon appealed.

## B. The PSR

Brandon filed no objection to the description of his offense conduct listed in the presentence report (PSR). The PSR documented Brandon's false statements to the police, including false statements regarding his name and date of birth. The PSR also explained that Brandon told police that, as he was being pulled over, he "placed" the firearm next to the passenger and instructed the passengers to cooperate with his lies to the police. Finally, the PSR noted that Brandon "was previously convicted of Burglary of a Building on June 25, 2008" in Texas. Brandon's sole objection to the PSR was to its proposed enhancement for possession of a firearm in connection with another felony offense. Brandon no longer pursues that objection.

## C. The Underlying Burglary of a Building Conviction

On June 25, 2008, Brandon was convicted of Burglary of a Building.[1] Burglary of a Building is a felony in Texas. Brandon was sentenced to three years of probation. The "Judgment of Conviction" for that case bears Brandon's signature and thumbprints. The judgment identifies Burglary of a Building as a "state jail felony offense" on three separate occasions, including in its title. The judgment also states, on two occasions, that the punishment assessed was 18 months in jail, "suspended" to 3 years of "community supervision." On May

---

[1] This court granted the government's *unopposed* motion to supplement the record on appeal with documents used by the probation office to prepare the PSR, including state court conviction documentation. FED. R. APP. P. 10(e)(2)(C). This information comes from those state court documents, which "we may take judicial notice of . . . as matters of public record." *In re Deepwater Horizon*, 934 F.3d 434, 440 (5th Cir. 2019); *see also Odle v. Wal-Mart Stores, Inc.*, 747 F.3d 315, 316 n.1 (5th Cir. 2014).

7, 2009, Brandon's probation was revoked for "failing to report to a probation officer, failing to pay fees and fines, failing to complete community service, and changing residence without permission." He was then sentenced to seven months in prison. When his probation was revoked, Brandon again acknowledged, by signature and thumbprint, that his initial sentence was 18 months in jail, suspended to 3 years of community supervision.

## II. DISCUSSION

### A. Jurisdiction

The district court had jurisdiction under 18 U.S.C. §§ 3231 and 3438. This court has appellate jurisdiction under 28 U.S.C. § 1291. Brandon's notice of appeal was timely.

### B. Standard of Review

Brandon presents a single issue on appeal: whether the district court plainly erred when it found the factual basis supports his guilty plea, particularly in light of the Supreme Court's subsequent decision in *Rehaif*. Brandon accepts that our standard of review is for plain error. *United States v. Lavalais*, 960 F.3d 180, 186 (5th Cir. 2020). "To reverse under plain error review, we must find (1) an error, (2) that is clear or obvious, and (3) that affects the defendant's substantial rights." *Id.* If those conditions are met, this court "'should' correct [the error] 'if the error seriously affects the fairness, integrity, or public reputation of judicial proceedings.'" *Rosales-Mireles v. United States*, 138 S. Ct. 1897, 1906 (2018) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)); *see also Puckett v. United States*, 556 U.S. 129, 135 (2009).

### C. *Rehaif v. United States*

After Brandon pleaded guilty and was sentenced, and while his appeal was pending, "the Supreme Court interpreted 18 U.S.C. §§ 922(g) and 924(a)(2) to require proof that the defendant knew he was a felon" or otherwise knew he was a person prohibited from possessing a firearm. *Lavalais*, 960 F.3d at 186;

*see Rehaif*, 139 S. Ct. at 2200 (government must prove that the defendant "knew he belonged to the relevant category of persons barred from possessing a firearm"). The Supreme Court noted that the scienter requirement in § 922(g) "helps to separate wrongful from innocent acts." *Rehaif*, 139 S. Ct. at 2197. This is because, if a defendant does not have knowledge of his prohibited status, "the defendant may well lack the intent needed to make his behavior wrongful." *Id.* Indeed, the Supreme Court noted that Congress might not, in all circumstances, "have expected defendants under § 922(g) . . . to know their own statuses." *Id.* As an example, the Supreme Court stated that § 922(g) should not apply to "a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is '*punishable* by imprisonment for a term exceeding one year.'" *Id.* at 2198 (quoting § 922(g)(1)).

While the evidence must "establish [the] defendant's knowledge of status," the Supreme Court "express[ed] no view . . . about *what precisely the Government must prove* to establish a defendant's knowledge of status." *Id.* at 2200 (emphasis added); *see also id.* at 2198 ("[W]e doubt that the obligation to prove a defendant's knowledge of his status will be as burdensome as the Government suggests.").

### D. Plain Error Analysis

"On plain-error review, a defendant 'must first establish an error.'" *United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019) (quoting *United States v. Ayelotan*, 917 F.3d 394, 400 (5th Cir. 2019)). To establish an error in this context, Brandon must show that the factual basis was insufficient to support his plea. *United States v. Angeles-Mascote*, 206 F.3d 529, 530–31 (5th Cir. 2000). "Before entering judgment on a guilty plea, the [district] court must determine that there is a factual basis for the plea." FED. R. CRIM. P. 11(b)(3). "In determining the adequacy of a factual basis, the trial court must compare '(1) the conduct to which the defendant admits with (2) the elements of the

offense charged in the indictment or information.'" *United States v. Garcia-Paulin*, 627 F.3d 127, 131 (5th Cir. 2010) (quoting *United States v. Marek*, 238 F.3d 310, 315 (5th Cir. 2001) (en banc)).

Here, the district court did not explicitly consider whether the factual basis provided sufficient evidence that Brandon knew, at the time he possessed the firearm, that he had "been convicted . . . of, a crime punishable by imprisonment for a term exceeding one year" because *Rehaif* had not yet been decided. § 922(g)(1); *Rehaif*, 139 S. Ct. at 2200. Nonetheless, the district court's error is assessed at "the time of appellate consideration." *Johnson v. United States*, 520 U.S. 461, 468 (1997); *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987); *see also Lavalais*, 960 F.3d at 187 (recognizing that "*Rehaif* applies to cases on direct appeal"). Thus, the district court erred and this error is clear under current law.

However, Brandon is not entitled to relief because he has not shown "a reasonable probability that, but for the error, he would not have entered the plea" and therefore has not shown the district court's error affected his substantial rights. *United States v. Castro-Trevino*, 464 F.3d 536, 541 (5th Cir. 2006) (quoting *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004)). When determining whether Brandon would have entered the plea but for the district court's error, "we may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction," even if the district court did not do so. *Ortiz*, 927 F.3d at 873 (quoting *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010)).

Here, "the record as a whole establishes that [Brandon] had . . . knowledge" of his status as a convicted felon when he possessed the firearm, meaning he cannot show a reasonable probability that he would not have pleaded guilty absent the district court's error. *United States v. Johnson*, 781 F. App'x 370, 371 (5th Cir. 2019), *cert. denied* No. 19-7382, 2020 WL

3405890, at *1 (U.S. June 22, 2020); *Hicks*, 958 F.3d at 402. The record demonstrates that, when he pleaded guilty, the State of Texas informed Brandon that his Burglary of a Building conviction was a "state jail felony offense" punishable by 18 months in jail.[2] Brandon acknowledged this fact by signing the related "Judgment of Conviction," which, again, numerous times, identified Burglary of a Building as a "felony offense." And Brandon was "admonished" concerning "the range of punishment" at his guilty-plea hearing. When his probation was revoked, Brandon again acknowledged that his Burglary of a Building conviction was a "state jail felony offense" punishable by 18 months in jail. Thus, there is no doubt that Brandon knew of his prohibited status at the time of his 2008 Burglary of a Building conviction and the 2009 parole revocation.[3]

However, Brandon contends that it is "unclear" whether he "remembered" his status some ten years later, when he was discovered in possession of a firearm, in October 2008. It is true that the Supreme Court specifically noted in *Rehaif* that it is unlikely Congress expected all defendants in § 922(g) cases "to know their own statuses." *Rehaif*, 139 S. Ct. at 2197. Notably, worried about a circumstance where a defendant was sentenced "only

---

[2] As noted above, we can "scan the entire record for facts supporting" the conviction. *Ortiz*, 927 F.3d at 873 (citation omitted). The government moved, unopposed, to supplement the record on appeal with documentation related to Brandon's state conviction for Burglary of a Building and this court granted that motion. FED. R. APP. P. 10(e)(2)(C). These documents are judicially noticeable, *In re Deepwater Horizon*, 934 F.3d at 440, and we have relied on "documentation related to . . . state convictions" in other cases assessing the sufficiency of the factual basis supporting a § 922(g) guilty plea. *See United States v. Contreras-Orosco*, 791 F. App'x 489, 489 (5th Cir. 2020).

[3] Moreover, Brandon admitted in his factual resume and during the plea colloquy that he "had been previously convicted" of a "felony offense" in 2008. However, because these statements, standing alone, may not establish *Rehaif* scienter at the time of his offense, *compare United States v. Johnson*, 781 F. App'x 370, 371 (5th Cir. 2019), *cert. denied* No. 19-7382, 2020 WL 3405890, at *1 (U.S. June 22, 2020) *with United States v. Denson*, 774 F. App'x 184, 185 (5th Cir. 2019), we do not rest our opinion on Brandon's rearraignment statements.

to probation" for the predicate offense and "does not know that the crime is '*punishable* by imprisonment for a term exceeding one year,'" *id.* at 2198 (citation omitted), the Supreme Court highlighted that circumstantial evidence could be used to prove knowledge. *See id.*

Here, circumstantial evidence shows that Brandon was aware of his prohibited status when he possessed the firearm. Brandon admitted that, as police approached, he "handed [the firearm] to the passenger to be concealed under the seat." Brandon also repeatedly lied to the police about his name and date of birth. Coupled with the felony clarity in his state court documents, Brandon gives no convincing reason why he would have behaved the way that he did, and we find that this conduct is circumstantial evidence that Brandon was aware of his status as a convicted felon. *See Lavalais*, 960 F.3d at 187 (evidence that defendant asked someone else to falsely claim ownership of the firearm following arrest showed defendant "knew full well that he was a convicted felon prohibited from possessing a firearm"); *Johnson*, 781 F. App'x at 371 (evidence that defendant "feared police discovery of a firearm at the time of his arrest for the crime of conviction" contributed to finding of knowledge). With this evidence at the government's disposal, Brandon cannot show a "reasonable probability" that he would have gone to trial if he had been informed of the *Rehaif* scienter requirement.

Brandon's state court documents, and especially his behavior at the time of his arrest, establish that Brandon had knowledge of his status as a convicted felon when he possessed the firearm. *Hicks*, 958 F.3d at 401; *Johnson*, 781 F. App'x at 371. Therefore, there is not a "reasonable probability" that Brandon would have refused to enter the plea absent the district court's error and Brandon cannot show that the error affected his substantial rights. Thus, the district court's acceptance of the factual basis for Brandon's guilty plea was not

No. 19-50227

plain error. *See Hicks*, 958 F.3d at 401; *Lavalais*, 960 F.3d at 187; *Johnson*, 781 F. App'x at 371.

## III. CONCLUSION

For the foregoing reasons, we AFFIRM.