# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 2, 2020

Lyle W. Cayce
Clerk

No. 19-10722

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ANTWONYIA DELVION MITCHELL,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:19-CR-31-O-1

Before OWEN, *Chief Judge*, and KING and ENGELHARDT, *Circuit Judges*.
PER CURIAM:*

Antwonyia Delvion Mitchell pleaded guilty to possession of a firearm after a felony conviction, in violation of 18 U.S.C. § 922(g)(1), and received a sentence of seventy-one months' imprisonment and three years' supervised release. Shortly after Mitchell was sentenced, the Supreme Court decided *Rehaif v. United States*, which held that a defendant's knowledge of

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-10722

his prohibited status is an element of a § 922(g) offense.[1]  Mitchell appeals his conviction, contending that the factual basis supporting his plea was insufficient under *Rehaif* because the record failed to establish that he knew of his felon status when he possessed the firearm.  Because Mitchell does not demonstrate that the *Rehaif* error affected his substantial rights and resulted in a miscarriage of justice, we affirm.

# I

The statute under which Mitchell was convicted provides that it is unlawful for any person who has been convicted in any court of a crime punishable by imprisonment for a term exceeding one year to possess in or affecting commerce any firearm.  After Mitchell pleaded guilty to this offense and was sentenced, the Supreme Court held in *Rehaif* that in order to convict, the prosecution must prove that the defendant knew that a prior conviction was punishable for a term exceeding one year at the time she possessed a firearm.[2]

Prior to the offense at issue, Mitchell was convicted of four prior state felonies.  In 2006, Mitchell pleaded guilty to credit card abuse and received three years' probation.  In 2008, he pleaded guilty to a second charge of credit card abuse, his probation was revoked, and he was sentenced to two 180-day terms of imprisonment.  In 2016, Mitchell pleaded guilty to two additional counts of credit card abuse and was sentenced to two concurrent terms of ten months' imprisonment.  Under Texas law, credit card abuse is a state jail felony, punishable by a prison term of 180 days to two years.[3]  Mitchell's

---

[1] 139 S. Ct. 2191, 2200 (2019).

[2] *See id.*

[3] Tex. Penal Code §§ 12.35(a), 32.31(d).

2

No. 19-10722

felony convictions for credit card abuse thus constitute the predicate for his § 922(g)(1) offense.

Before accepting Mitchell's guilty plea for each of these four offenses, the state criminal court was required to admonish Mitchell "of the range of punishment attached to each offense."[4]  In other words, Texas law compelled the court to inform Mitchell that he was pleading guilty to a felony. Mitchell concedes that he was admonished.  Even if he had not made this concession,  this court presumes that the admonitions occurred as required by Texas law.[5]  Thus, while Mitchell's prior convictions all resulted in sentences of less than one year, Mitchell knew when he entered each plea that the conviction was punishable by a longer term.

In 2018, Mitchell committed the present offense.  According to the Presentence Investigation Report (PSR), whose factual findings the district court adopted, Mitchell was detained and handcuffed on suspicion of using another person's identification to obtain a loan at a car dealership.  While officers were speaking to a dealership employee, Mitchell attempted to flee, and officers pursued him.  During the chase, one officer realized that Mitchell had a handgun, which he pointed at the officer.  When the officer drew his own weapon, Mitchell dropped the gun but continued running.  Officers eventually detained him and recovered the gun, a loaded 9mm pistol.

Mitchell was charged with several offenses, including unlawful possession of a firearm by a felon in violation of § 922(g)(1).  Applying a three-point reduction for accepting responsibility and a six-point increase for

---

[4] Tex. Code Crim. Proc. art. 2613(a).

[5] *See Aerojet-General Corp. v. Askew*, 511 F.2d 710, 720 (5th Cir. 1975) (explaining that the "judgment of a court of competent jurisdiction" "is entitled to a presumption of regularity.").

assaulting a law enforcement officer during flight, the PSR calculated Mitchell's total offense level at 21. Mitchell entered a guilty plea, which the district court accepted. In the plea's factual basis, Mitchell admitted that he had at least one prior felony conviction, he knowingly possessed a firearm, and the firearm traveled in interstate commerce. The district court later sentenced Mitchell to seventy-one months' imprisonment and three years' supervised release.

Four days after the district court entered judgment and imposed the sentence, the Supreme Court decided *Rehaif v. United States*, which held that, to violate § 922(g), a defendant must know "he belonged to the relevant category of persons barred from possessing a firearm."[6] Mitchell then timely appealed. We previously held Mitchell's case in abeyance pending our decision in *United States v. Brandon*.[7] We have now issued a published opinion in *Brandon*, as well as three other cases involving *Rehaif* errors asserted by defendants who pleaded guilty to being felons-in-possession: *United States v. Montgomery*,[8] *United States v. Lavalais*,[9] and *United States v. Hicks*.[10]

## II

On appeal, Mitchell argues that the factual basis of his plea was insufficient under *Rehaif*, because the record failed to establish that he knew he was a felon at the time he possessed the gun. Because Mitchell failed to

---

[6] 139 S. Ct. 2191, 2200 (2019).

[7] 965 F.3d 427 (5th Cir. 2020).

[8] 974 F.3d 587 (5th Cir. 2020).

[9] 960 F.3d 180 (5th Cir. 2020).

[10] 958 F.3d 399 (5th Cir. 2020).

raise this argument before the district court, we review for plain error.[11]  To establish the requisite plain error, Mitchell must show: (1) an error (2) that is "clear or obvious, rather than subject to reasonable dispute," (3) affecting his substantial rights.[12]  If Mitchell makes this showing, we may exercise our discretion to grant relief if (4) the error "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings."[13]

"Before entering judgment on a guilty plea, the court must determine that there is a factual basis for the plea."[14]  This factual basis must "be sufficiently specific to enable the district court to compare the conduct admitted by the defendant with the elements of the offense charged."[15]  When assessing factual sufficiency of evidence under the plain error standard, this court "may look beyond those facts admitted by the defendant during the plea colloquy and scan the entire record for facts supporting his conviction."[16]  "This includes the facts gleaned from the plea agreement and plea colloquy, the factual findings relied upon in the [PSR], as well as 'fairly drawn' inferences from the evidence presented both post-plea and at the sentencing hearing."[17]

Three elements of a § 922(g) offense were well-established when Mitchell pleaded guilty: (1) the defendant has been previously convicted of

---

[11] *See United States v. Ortiz*, 927 F.3d 868, 872 (5th Cir. 2019).

[12] *Puckett v. United States*, 556 U.S. 129, 135 (2009).

[13] *Id.* (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[14] Fed. R. Crim. P. 11(b)(3).

[15] *United States v. Trejo*, 610 F.3d 308, 313 (5th Cir. 2010).

[16] *Id.*

[17] *Id.* at 317.

an offense punishable by a term of imprisonment exceeding one year, (2) the defendant knowingly possessed a firearm, and (3) the firearm traveled in or affected interstate commerce.[18] In *Rehaif*, the Supreme Court held that the defendant must have known, at the time he possessed the weapon, that he belonged to a class of persons barred from possessing a gun.[19] One such class, set forth in § 922(g)(1), includes defendants with felon status.[20]

*Rehaif* specifically concerned a defendant's knowledge that "he was in the country unlawfully" under § 922(g)(5), and thus did not settle "what precisely the Government must prove to establish a defendant's knowledge of status in respect to" § 922(g)(1).[21] But the Court did express concern that if the statute did not require knowledge of felon status, it "might apply to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is '*punishable* by imprisonment for a term exceeding one year.'"[22]

## A

Under plain-error review, Mitchell must first establish an error by "show[ing] that the factual basis was insufficient to support his plea."[23] The factual basis accompanying Mitchell's plea listed the first three elements of a § 922(g)(1) offense—Mitchell had been previously convicted of a felony, Mitchell knowingly possessed a firearm, and the firearm traveled in interstate commerce. However, the factual resume neither mentioned the knowledge-

---

[18] *See United States v. Guidry*, 406 F.3d 314, 318 (5th Cir. 2005).

[19] 139 S. Ct. 2191, 2200 (2019).

[20] *See id.*; 18 U.S.C. § 922(g)(1).

[21] *Rehaif*, 139 S. Ct. at 2195, 2200.

[22] *Id.* at 2198 (quoting § 922(g)(1)).

[23] *United States v. Brandon*, 965 F.3d 427, 431 (5th Cir. 2020).

of-felon-status requirement nor otherwise indicated that Mitchell was aware he had been convicted of a felony at the time he possessed the firearm. The same was true of Mitchell's plea hearing. The district court read the first three elements of the offense, but did not inform Mitchell that the offense required him to know of his felon status when he possessed the firearm. Because the district court "did not explicitly consider" whether the factual basis sufficiently demonstrated that Mitchell knew of his felon status at the time he possessed the firearm, "the district court erred[,] and this error is clear under current law."[24] Thus, Mitchell satisfies prongs one and two of our plain-error analysis.

**B**

Under the third prong of our plain error analysis, Mitchell must show that the error affected his substantial rights; that is, he must demonstrate "a reasonable probability that he would not have ple[ade]d guilty had he known of *Rehaif*."[25] We have observed that "[d]emonstrating prejudice under *Rehaif* will be difficult for most convicted felons for one simple reason: Convicted felons typically know they're convicted felons. And they know the Government would have little trouble proving that they knew."[26] Likewise, *Rehaif* itself "doubt[ed] that the obligation to prove a defendant's knowledge of his status will be . . . [too] burdensome."[27]

---

[24] *Id*. at 431-32; *see also United States v. Montgomery*, 974 F.3d 587, 590-91 (5th Cir. 2020) ("The district court's failure to list the scienter requirement for Montgomery's § 922(g) offense was an error that is clear and obvious.").

[25] *United States v. Lavalais*, 960 F.3d 180, 187 (5th Cir. 2020) (quoting *United States v. Hicks*, 958 F.3d 399, 402 (5th Cir. 2020).

[26] *Id*. at 184.

[27] *Rehaif v. United States*, 139 S. Ct. 2191, 2198 (2019).

*Rehaif* described a hypothetical scenario in which a defendant convicted of a crime punishable by more than a year but sentenced only to a term of probation might not know that the crime is a felony.[28]  By contrast, in our published cases analyzing the impact of *Rehaif* error on defendants' substantial rights, the Government presented solid proof of each defendant's knowledge of his felon status.[29]  The evidence proffered here falls somewhere in the middle, but is most analogous to that presented in *United States v. Brandon*.[30]

In *Brandon*, we judicially noticed state court documents bearing the defendant's signature and thumbprint and acknowledging that, for the defendant's burglary conviction, punishment was "assessed" at eighteen months' imprisonment but "suspended" to three years' probation.[31] Notably, these documents also demonstrated that the defendant had been "admonished concerning the range of punishment" at his guilty-plea hearing.[32]  Further, because the defendant claimed that it was "unclear" whether he remembered the conviction when he possessed a firearm some ten years later, we assessed "circumstantial evidence" that he attempted to

---

[28] *Id.* (quoting § 922(g)(1)).

[29] *See, e.g., Hicks*, 958 F.3d at 401 (defendant had previously been sentenced to six years' imprisonment, had served two two-year prison terms, and had been arrested and charged under a separate state felon-in-possession law several months before committing the § 922(g)(1) offense)); *Lavalais*, 960 F.3d at 187 (defendant had previously received a two-year prison sentence and, shortly after his arrest, asked his companion to falsely claim ownership of the gun); *Montgomery*, 974 F.3d at 591 (5th Cir. 2020) (defendant had spent over three years in prison for three prior felonies and was still on parole when he was charged under § 922(g)(1)).

[30] 965 F.3d 427 (5th Cir. 2020).

[31] *Id.* at 430.

[32] *Id.* at 432 (internal quotations omitted).

conceal the weapon when police approached.[33]  Taken together, this evidence "establish[ed] that [the defendant] had knowledge of his status as a convicted felon when he possessed the firearm," so "there [was] not a 'reasonable probability' that [the defendant] would have refused to enter the plea absent the district court's error[,] and [the defendant] [could not] show that the error affected his substantial rights."[34]

Like the defendant in *Brandon*, Mitchell never served a sentence in excess of one year for his previous felonies.[35]  But while Brandon received a mere probation term for his felony, Mitchell served actual prison time for his prior crimes, making it more likely that he would appreciate the gravity of the offenses.[36]  Further, as in *Brandon*, Mitchell was admonished by the state criminal court regarding the potential range of punishment for each felony.[37] Indeed, Mitchell heard these admonitions not once, not twice, but three separate times.  Mitchell admits that he was aware of his felon status at the time he was admonished, but contends, as did the defendant in *Brandon*, that it is "unclear" "[w]hether he remembered that fact" when he possessed the firearm.[38]  It is true that *Brandon* presented additional circumstantial evidence of knowledge of felon status, namely the defendant's attempt to conceal the handgun from police.[39]  Here, there is no clear evidence of concealment, though Mitchell attempted to leave the dealership when he saw

---

[33] *Id.* at 432-33.

[34] *Id.* at 433.

[35] *Id.* at 430.

[36] *See id.*

[37] *Id.* at 432.

[38] *Id.*

[39] *Id.* at 433.

the police present.  After he was arrested and hand-cuffed, he attempted to escape by fleeing on foot.  When the police gave chase, he drew the firearm he possessed and attempted to point it at the officers, while still handcuffed.  At that point, he was no longer concealing the weapon.

In *Brandon*, though, more than ten years separated the defendant's single felony conviction and his § 922(g)(1) offense, rendering it far more likely that the defendant would not recall the felony.[40]  Here, by contrast, thirty-two months elapsed between Mitchell's most recent felony and his federal felon-in-possession charge.  Though it would be a fact question in this case as to whether Mitchell actually knew he had been convicted of an offense for which he could have been sentenced to more than one year in prison, we think it quite unlikely that, having been convicted of four felonies, been reminded formally of this fact on three separate occasions, and served a total of sixteen months in prison for these offenses, Mitchell was nonetheless unaware of his felon status when he possessed the firearm.  Viewed in its entirety, the record does not indicate a reasonable probability that Mitchell would have foregone the plea had he been informed of *Rehaif*'s additional scienter requirement.

We also note that Mitchell received a significant benefit from pleading guilty: the Government awarded him a three-point reduction under the Guidelines for acceptance of responsibility.[41]  Without this reduction, Mitchell's resulting offense level would have significantly increased his

---

[40] *Id*. at 432.

[41] *See* U.S. SENT'G GUIDELINES MANUAL §3E1.1 & cmt. 2 (U.S. SENT'G COMM'N 2018) (permitting the reduction for acceptance of responsibility and noting that the adjustment does not apply, except in "rare circumstances" to defendants who choose to proceed to trial).

No. 19-10722

Guidelines sentencing range.[42]  The reduction bolsters the conclusion that Mitchell has failed to show that, had he known of *Rehaif* before entering the plea, he would have gone to trial.

## C

Finally, even if Mitchell could make the required showing, his claim would nonetheless fail the fourth prong of our plain error analysis, under which we have discretion to grant relief if the error "seriously affect[s] the fairness, integrity[,] or public reputation of judicial proceedings."[43]  We have stated that "it would be a miscarriage of justice and a blow to the public reputation of judicial proceedings to *reverse* [a defendant's] felon-in-possession conviction based simply on his post-*Rehaif* argument that 'the possibility is quite real' he was unaware of his felon status."[44]  Mitchell makes similar arguments here, and they do not merit reversal.

In sum, the district court's failure to assess the factual sufficiency of Mitchell's knowledge of his felon status, while plainly erroneous, neither affected Mitchell's substantial rights nor resulted in a miscarriage of justice.

\*     \*     \*

We therefore AFFIRM Mitchell's conviction.

---

[42] *See* U.S. Sent'g Guidelines Manual ch. 5 pt. A (U.S. Sent'g Comm'n 2018) (range of 77-96 months based on a criminal history category of IV and an offense level of 24).

[43] *Puckett v. United States*, 556 U.S. 129, 135 (2009) (alteration in original) (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

[44] *United States v. Huntsberry*, 956 F.3d 270, 286 (5th Cir. 2020) (emphasis in original).