# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2022

Lyle W. Cayce
Clerk

No. 19-40675
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

ULYSSES ALEJANDRO FLORES,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:18-CR-917-1

Before WIENER, DENNIS, and HAYNES, *Circuit Judges*.

PER CURIAM:*

Defendant-Appellant Ulysses Alejandro Flores appeals his conviction of possession of a firearm by a convicted felon in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The Supreme Court in *Rehaif v. United States* explained that "[t]o convict a defendant [under these statutes], the

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 19-40675

Government . . . must show that the defendant knew he . . . had the relevant status when he possessed" the gun. 139 S. Ct. 2191, 2194 (2019). Flores relies on *Rehaif*—decided after his guilty plea—to contend that the district court plainly erred in accepting his plea because the factual basis did not establish that he knew he was a felon at the time he possessed a firearm. The Government concedes the district court's error but argues it was not prejudicial and does not warrant relief.

Our review is for plain error. *United States v. Brandon*, 965 F.3d 427, 430-31 (5th Cir. 2020), *cert. denied*, 141 S. Ct. 2809 (2021). A defendant establishes reversible plain error by showing (1) an error (2) that is clear or obvious and (3) affected his substantial rights. *Puckett v. United States*, 556 U.S. 129, 135 (2009). We may grant relief if the defendant makes these showings and if the error "seriously affects the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks and brackets omitted). The error affects the substantial rights of a defendant who has already pleaded guilty if he shows a reasonable probability that he would not have entered a guilty plea but for the error. *United States v. Dominguez Benitez*, 542 U.S. 74, 83 (2004). We may look beyond the plea colloquy and consult the entire record to determine the error's effect. *Brandon*, 965 F.3d at 432–33.

Noting that "a jury will usually find that a defendant *knew* he was a felon based on the fact that he *was* a felon," the Supreme Court recently held that a *Rehaif* error is not grounds for plain-error relief unless the defendant "makes a sufficient argument or representation on appeal that he would have presented evidence at trial that he did not in fact know he was a felon." *Greer v. United States*, 141 S. Ct. 2090, 2097, 2100 (2021) (emphasis in original). Flores, saying only that it was "unclear" whether he remembered his felony convictions, failed to comply with the *Greer* standard.

No. 19-40675

The judgment of the district court, therefore, is AFFIRMED.